Leroy Wallace, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

James Carter, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 12, 1983, to Judges BLATT, MACPHAIL and BARBIERI, sitting as a panel of three.

*Harold I. Goodman,* for petitioners.

*James K. Bradley,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARBIERI, February 16, 1984:
The present case involves the consolidated appeals of two claimants, Leroy Wallace, Jr., and James Car-

ter, who appeal from orders of the Unemployment Compensation Board of Review (Board), denying them benefits for willful misconduct under Section 402(e) of the Unemployment Compensation Law (Law).[1] We affirm.

The claimants, Leroy Wallace, Jr., and James Carter, were employed by Transamerican Office Furniture as a truck driver and a truck driver helper respectively, until July 21, 1981, when, after confronting their supervisor about salary and job security, they were discharged for directing abusive and profane language at their supervisor. Prior to this incident, both claimants had violated rules and regulations of the employer. Specifically, Mr. Wallace had been cited for being tardy, for consuming alcohol on the job, and for leaving his work prior to departure time. Similarly, Mr. Carter had walked off his job on two occasions without first receiving permission to do so. Each of the claimants had received either warnings or suspensions for some but not all of their violations.

Both claimants applied for unemployment benefits, which were granted by the Office of Employment Security (OES). The employer then appealed these decisions, and a referee, after conducting a consolidated hearing on September 15, 1981, reversed the OES, finding that the claimants had been dismissed for willful misconduct. At the September 15th hearing, the referee refused to allow the claimants to introduce testimony regarding charges they filed with the National Labor Relations Board (NLRB) in which they alleged that their employer had discharged them in violation of the National Labor Relations Act (Act). The NLRB subsequently issued a complaint against the employer on September 16, 1981, based upon the claim-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

ants' allegations. The claimants appealed to the Board, which on December 3, 1981, affirmed the referee's decisions. The appeal is now to this Court.

The claimants do not contend in their appeal to this Court that their conduct did not constitute willful misconduct, but rather argue that their cases should be remanded to the Board so that the Board can reconsider its decisions in light of their employer's anti-union bias, as evidenced by the claimants' charges and the action taken by the NLRB. Essentially, the claimants are asking this Court what effect, if any, should their employer's personal motives have where the complained of conduct admittedly constitutes willful misconduct. We believe that this argument was raised and rejected by this Court in *Placid v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 250, 427 A.2d 748 (1981), where the petitioner in that case contended, in light of admitted misconduct, that his employer's personal motives were the real cause of his discharge. In dismissing the petitioner's argument in *Placid*, this Court held that where conduct is sufficient in itself to warrant discharge, a denial of benefits would be upheld irrespective of any "personal motives" on the part of the employer.

We also note that the claimant's reliance upon *Frei v. Unemployment Compensation Board of Review*, 5 Pa. Commonwealth Ct. 190, 289 A.2d 769 (1972), is misplaced. In *Frei*, the issue was whether employees who refused to cross a picket line could be discharged for willful misconduct, in light of their existing employment contract, and a NLRB ruling that their conduct did not warrant discharge. What distinguishes *Frei*, is that the complained of conduct in the present case, as in *Placid*, is clearly conduct which is not protected by any labor Act.

322

Accordingly, the orders of the Board denying benefits to the claimants are hereby affirmed.

ORDER IN 25 C.D. 1982

Now, this 16th day of February, 1984, the order of the Unemployment Compensation Board of Review at Decision No. B-201744, dated December 3, 1981, is affirmed.

ORDER IN 26 C.D. 1982

Now, this 16th day of February, 1984, the order of the Unemployment Compensation Board of Review at Decision No. B-201745, dated December 3, 1981, is affirmed.