AYRES, Judge.
This is an appeal from a judgment of the trial court which upheld a decision of the Board of Review of the Department of *820 Employment Security of the Department of Labor which denied plaintiff-appellant unemployment benefits. The claim was denied upon a finding of “misconduct” on the part of plaintiff connected with his employment as a helper in the truck service or maintenance department of R. S. Fowler Trucking Company. Claimant’s disqualification was based upon the provisions of LSA-R.S. 23:1601(2). The specific charge was that claimant absented himself from his employment without notice to his employer.
The only evidence in the record is claimant’s testimony before an appeals referee. The employer neither made an appearance nor produced any witnesses.
Claimant, who had been employed approximately one year, last worked on July 27, 1971. During a portion of that time he had been sick and had undergone medical treatment. He testified that he endeavored to stay on the job until the arrival of a vacation period when he planned to go to a hospital for more intensive treatment. This he did on August 4, 1971.
Plaintiff testified that he was sick during and at the close of his last day of employment; that his condition was such on the next day he was unable to call or notify his employer of his illness and inability to report for work; that he had no telephone and was unable to reach a telephone, the nearest of which was two miles away. Claimant did, nevertheless, call his employer on July 29, 1971, the second day he was off, and reported that, if he was able, he would report the next day. He was told to “come on in.” Upon so reporting on July 30th, he was advised by his superior that he was terminated because he had falsified about his absence and, moreover, had not performed his work properly.
The Appeals Referee made a finding of fact:
“The claimant worked approximately one year for this employer as a service man, earning $1.90 an hour. He was absent July 28, 1971 and did not notify the employer. On July 29, 1971 he was again absent. On this date he carried some other people to Springhill, Louisiana. While gone he took sick and then the employer was called. When he reported for work July 30, 1971 he was terminated for not notifying the employer of his reasons for being absent Tuly 28, 1971.”
The Appeals Referee then concluded:
“The evidence and facts substantiate the findings of the Agency. The claimant was negligent in notifying the employer of the reason for his absence. He did not call the employer until the second day. While absent, he admitted he was away from home. This is willfull disregard of the employer’s interests and misconduct connected with the work.”
The statement in the Referee’s findings, “While gone [to carry some people to Springhill] he took sick and then the employer was called,” is not supported by any evidence whatsoever. Plaintiff’s testimony in that regard, as already noted, is the only testimony in the record and is to the effect that he was sick during the last day of his employment; that he went home sick and remained sick the next day, as well as the following day when he called his superior and notified him of his illness, whereupon his superior suggested that he report for work the next day, which he did. Plaintiff testified that after completing his last day’s employment he drove some friends, whose car had broken down, to Plain Dealing.
Thus, there is no showing whatsoever that claimant left his employment without good cause connected with his employment as a prerequisite to his disqualification for his entitlement to the statutory benefits of employment security as provided in LSA-R.S. 23:1601(1). His absence from his employment was because of illness and, thus, for good cause. There was no evidence to the contrary.
*821 We are not called upon to pass upon the sufficiency of the evidence or to reevaluate it or the inferences to be drawn therefrom, nor to determine the credibility of the witnesses. We hold that there is no evidence in the record to support a finding of claimant’s disqualification. The question thus presented is one of law. Claimant’s testimony and explanation of the factual circumstances is uncontroverted and should have been accepted as adequate and satisfactory.
Huddleston v. Brown, 124 So.2d 225, 226 (La.App., 2d Cir. 1960).
Moreover, the burden of proving employee misconduct for the purposes of his disqualification for unemployment benefits is upon the employer.
Heard v. Doyal, 259 So.2d 412 (La.App., 2d Cir. 1972); Payne v. Antoine’s Restaurant, 217 So.2d 514 (La.App., 4th Cir. 1969).
As pointed out by this court in Smith v. Brown, 147 So.2d 452, 453 (La.App., 2d Cir. 1962):
“The nature of misconduct within the meaning of the statute has been adequately defined by our courts, in numerous instances, as primarily constituting an act evidencing a wanton or willful disregard of an employer’s interests.”
No wanton or willful act on the part of the claimant has been shown in the instant case.
The judgment upholding plaintiff’s disqualification is, in our opinion and for the reasons assigned, erroneous.
For the reasons assigned, the judgment appealed is annulled, avoided, reversed, and set aside; and this cause is accordingly remanded to the Board of Review, Department of Employment Security, Department of Labor, State of Louisiana, for further proceedings in accordance with law and in conformity with this opinion.
Judgment reversed and cause remanded.