403 So.2d 825 (1981)
Rosena C. BOWMAN, Plaintiff-Appellee,
v.
STATE of Louisiana, OFFICE OF EMPLOYMENT SECURITY and Grambling State University, Defendants-Appellants.
No. 14608.
Court of Appeal of Louisiana, Second Circuit.
August 25, 1981.
*826 James D. Caldwell, Baton Rouge, for defendant-appellant, Grambling State University.
Charles E. Grey, Jr., Asst. Atty. Gen., for defendant-appellant, Grambling State University.
James A. McGraw, Baton Rouge, for defendant-appellant, Office of Employment Sec.
Law Offices of Bobby L. Culpepper by Jimmy C. Teat, Jonesboro, for plaintiff-appellee.
Before PRICE, MARVIN and FRED W. JONES, Jr., JJ.
PRICE, Judge.
A discharged employee of Grambling State University was held disqualified for unemployment compensation benefits because of misconduct connected with the employment. La.R.S. 23:1601(2). This decision was upheld by both the appeals referee and the Board of Review. Claimant then appealed to the district court which reversed the Board of Review on finding that as a matter of law the claimant's conduct did not constitute misconduct. The state appeals the decision, contending the district court did not apply the proper standard of judicial review, and that the Board of Review was correct in finding sufficient evidence of misconduct. La.R.S. 23:1634, 1601(2). We reverse.
Before her discharge claimant was employed as the personnel director for Grambling State University. She was assigned the task of designing plans for organizing and more efficiently operating the personnel *827 office. Despite repeated admonitions from her supervisor to complete this task, claimant failed to make any significant progress with the plans. In addition, claimant closed her office without authorization for one and one-half days in January 1980. These facts formed the basis of the appeals referee's decision that claimant was guilty of misconduct so as to disqualify her from receiving unemployment compensation benefits.
The trial court held that the additional duties and responsibilities necessary for the organization of the personnel office were not part of claimant's customary scope of employment. The failure to accomplish her task was due to either lack of time, manpower, or incompetence, rather than a deliberate disregard of her duties. It further held that claimant was justified in closing the office in January 1980 because of paint and glue fumes which presented health hazards.
The record shows that on January 17, 1980, at 11:00 a. m. claimant was given permission by her supervisor to close her office until 1:00 p. m. that day because of paint and glue fumes occasioned by fresh paint and newly installed carpet in the building where she worked. Claimant closed the office, allowed her employees to leave, and did not return at 1:00 p. m. as instructed. The office remained closed the next day. Claimant did come in for a couple of hours on the afternoon of the following day to conduct some business. She testified she had permission from the supervisor to leave the office closed for this period. The supervisor denies claimant's testimony in this regard. The agency interpreted this contradictory testimony in favor of the employer. Where more than one reasonable interpretation or construction can be drawn from the evidence, the courts should accept the construction or interpretation made by the agency. Heard v. Doyal, 259 So.2d 412 (La.App.2d Cir. 1972).
Misconduct under the law is a deliberate violation of the employer's policies and rules or a substantial disregard of the employer's interest or of the employee's duties. Heard v. Doyal, supra. It is determined by the nature of the violation with due consideration of the factors which enter into the proper conduct of the employee's business. Jackson v. Doyal, 198 So.2d 469 (La.App.2d Cir. 1967). The scope of judicial review by the courts is limited to questions of law and to the question of whether the decision is supported by "sufficient evidence" (La.R.S. 23:1634).
Claimant's closing of her office for one and one-half days was a direct violation of her supervisor's orders. This act of disobedience is sufficient to constitute misconduct under the law.
The trial court erred in overruling the Board of Review's decision that there was sufficient evidence of misconduct to disqualify claimant from receiving unemployment compensation benefits.
For the foregoing reasons, the judgment of the trial court is reversed and the decision of the Board of Review and appeals referee affirming the disqualification of claimant for benefits under the Louisiana Employment Security Law is reinstated.