420 So.2d 688 (1982)
Walter B. CRAIGHEAD, Plaintiff-Appellant,
v.
ADMINISTRATOR DEPARTMENT OF EMPLOYMENT SECURITY OF the STATE of LOUISIANA and Thornton Rental Company, Defendants-Appellees.
No. 14792.
Court of Appeal of Louisiana, Second Circuit.
March 2, 1982.
On Rehearing August 3, 1982.
Writ Denied November 5, 1982.
Northwest Louisiana Legal Services, Inc. by Walter J. Woodman, Shreveport, for plaintiff-appellant.
James A. McGraw, Baton Rouge, for defendants-appellees.
Before HALL, JASPER JONES and SEXTON, JJ.
HALL, Judge.
Plaintiff appeals from the judgment of the district court affirming a decision of the Board of Review of the Office of Employment Security denying him unemployment compensation benefits. The agency, the appeals referee, and the board of review all found that plaintiff was disqualified from receiving benefits under LSA-R.S. 23:1601(1) because he left his employment without good cause connected with his work. There was no claim or finding that plaintiff was discharged for misconduct and, therefore, disqualified under LSA-R.S. 23:1601(2). The district court found that the decisions of the appeals referee and the board of review were supported by sufficient legal and competent evidence and were correct as a matter of law. For the reasons which follow we reverse the judgment of the district court and remand this matter to the board of review of the Office of Employment Security.
Plaintiff worked for Thornton Rental Agency as office manager for approximately one month. Following October 31, 1979, however, plaintiff failed to report to work for several weeks. It is not disputed that plaintiff, an alcoholic, was on a "binge" during the time he was absent from his job. On November 21, 1979, plaintiff was admitted to the Veterans Administration Hospital for alcohol detoxification. Plaintiff telephoned his employer on November 23, 1979 and was informed that he had been replaced. Plaintiff remained in the hospital until November 29, 1979 at which point he was discharged from the detoxification program. On November 30 plaintiff voluntarily reentered the hospital to participate in its *689 alcoholism rehabilitation program. Plaintiff was finally discharged from the hospital on February 4, 1980 and shortly thereafter applied for unemployment compensation.
Plaintiff was determined to be disqualified for benefits under LSA-R.S. 23:1601(1) which provides:
"An individual shall be disqualified from benefits:
"(1) If the administrator finds that he has left his employment without good cause connected with his employment ...."
In Piggly Wiggly of Springhill, Inc. v. Gerace, 370 So.2d 1327 (La.App. 2d Cir. 1979), this court held that the word "left" as used in LSA-R.S. 23:1601(1) is intended to cover those situations where an employee quits or voluntarily leaves or resigns his employment. See also Sykes v. Doyal, 278 So.2d 819 (La.App. 2d Cir. 1973) and Smith v. Brown, 147 So.2d 452 (La.App. 2d Cir. 1962).
It is the contention of the plaintiff in this case that a person who suffers from severe, acute alcoholism, and who fails to report for work for a two to three week period because of intoxication which is beyond his control cannot be said to have voluntarily abandoned his employment.
The evidence in this case establishes that the plaintiff did not voluntarily quit, leave, or resign his employment. His absence from work was due to the acute alcoholism from which he was suffering and which necessitated his subsequent hospitalization and extended treatment. Plaintiff contacted his employer as soon as he was reasonably able to do so, that is, when he had regained sufficient sobriety to realize the situation he was in. Plaintiff's absence from work was for a cause in the nature of an illness. See Louisiana Mental Health Law, LSA-R.S. 28:21.1, which "... recognize[s] alcoholism as a sickness or disease...." In Sykes v. Doyal, supra, this court held that an employee's absence from his employment because of illness was not a ground for disqualification under LSA-R.S. 23:1601(1).
Although this is a case of first impression in Louisiana, a number of cases from other states have recognized that where an employee's impairment resulting from alcoholism is of a sufficient degree to deprive the individual of his ability to abstain from the use of alcohol thus resulting in an intoxication-caused work lapse, the individual's absence or misconduct cannot be said to be voluntary and, therefore, cannot constitute grounds for disqualification from unemployment compensation benefits. See Moeller v. Minnesota Department of Transportation, 281 N.W.2d 879 (Minn., 1979); Huntoon v. Iowa Department of Job Services, 275 N.W.2d 445 (la., 1979); Jacobs v. California Unemployment Insurance Appeals Board, 25 Cal.App.3d 1035, 102 Cal.Rptr. 364 (1972).
The Louisiana Employment Security Law is remedial in nature and as such should be interpreted by the court to extend its benefits as far as possible within the bounds imposed by express legislative restrictions. This remedial social legislation is to be construed liberally and in the interest of the statute's beneficiaries. Parker v. Gerace, 354 So.2d 1022 (La.1978); National Gypsum Company v. Administrator, Louisiana Department of Employment Security, 313 So.2d 230 (La.1975); Lambert v. Brown, 169 So.2d 4 (La.App. 2d Cir. 1964).
The purpose of the various disqualification provisions found in the law governing unemployment compensation "is to make sure that compensation is not paid to those who choose not to work, that the compensation law does not encourage idleness, and that it does not weaken the willingness of the individual to provide for himself through employment." Algiers Homestead Association v. Brown, 246 La. 738, 167 So.2d 349 (1964). In the instant case, the plaintiff-employee was obviously concerned about retaining his job because he contacted his employer to inquire about his job as soon as he recovered from his intoxication. Plaintiff voluntarily entered an alcoholism rehabilitation program when he found that he no longer had a job. This indicates that *690 plaintiff is willing to work and is making a reasonable effort to be a good employee by attempting to control his addiction to alcohol.
For these reasons we hold that plaintiff's involuntary absence from work due to acute alcoholism beyond his control does not constitute grounds for disqualification under LSA-R.S. 23:1601(1).
Accordingly, the judgment of the trial court is reversed and judgment is rendered in favor of the plaintiff, Walter B. Craighead, and against the Administrator of the Office of Employment Security of the State of Louisiana. This matter is remanded to the Board of Review of the Office of Employment Security of the State of Louisiana for entry of an order directing the payment to plaintiff of the unemployment compensation benefits to which he is entitled under the Louisiana Employment Security Law.
Reversed and remanded.

ON REHEARING
Before PRICE, HALL, JASPER E. JONES, FRED W. JONES, Jr., and SEXTON, JJ.
JASPER E. JONES, Judge.
We granted a rehearing to enable the court en banc to consider appellees' contention that we erred in reversing the judgment of the trial court which affirmed a decision of the Board of Review of the Office of Employment Security denying appellant unemployment compensation benefits. Appellees contend the judgment was correct because appellant's failure to report to work because of alcoholism resulted in his disqualification for unemployment disability benefits under the provisions of LSA-R.S. 23:1601. Appellees contend appellant's absence from work because of alcoholism establishes that "he has left his employment without good cause connected with his employment", which is the language of the disqualifying provision of LSA-R.S. 23:1601.
We have again reviewed the record and the jurisprudence applicable to the case and conclude that the views expressed in our original opinion are correct and we adopt it as our opinion on rehearing.
FRED W. JONES, Jr., dissents and assigns written reasons.
FRED W. JONES, Jr., Judge, dissenting.
After a hearing before the Appeals Referee at which the only testimony presented was that of the claimant, the following "findings of fact" were made: claimant worked for defendant employer about one month prior to October 31, 1979; after October 31, 1979 the claimant did not return to work because he was "quite intoxicated and unable to do so"; on November 21, 1979 a friend took claimant to the V.A. Hospital where he was admitted for alcoholism rehabilitation; about November 23, 1979 claimant finally contacted his employer to explain his whereabouts, and was informed that he had been terminated.
The Appeals Referee ruled that the claimant was disqualified for unemployment benefits because "his abandonment of the job was leaving without good cause connected with the employment." This holding was affirmed by the Board of Review.
The District Court, considering the actions of the administrative agencies on appeal, affirmed with the following comment:
"This Court finds that the evidence was sufficient for the Board of Review's decision to deny plaintiff his unemployment benefits as a result of voluntary intoxication."
In its original opinion this court reversed, holding that "plaintiff's involuntary absence from work due to acute alcoholism beyond his control does not constitute grounds for disqualification under LSA-R.S. 23:1601(1)."
It should be noted, preliminarily, that findings of the Board of Review as to facts, if supported by sufficient evidence, are conclusive, and judicial review is restricted to questions of law. La.R.S. 23:1634. The Board did not find that the claimant's absence from work was an "involuntary absence *691 due to acute alcoholism beyond his control." The record does not contain one iota of medical evidence to support that particular factual finding by this court. The Board simply found that the claimant went on a "drinking binge" and abandoned his job of one month's duration. That conclusion is certainly amply supported by the record.
Be that as it may, assuming for the sake of argument that this court's finding of fact is correct, I believe that it erred as a matter of law in considering as decisive the "involuntary" nature of claimant's absence from work. As pointed out by appellant, although the phrase "left his work voluntarily without good cause" (emphasis added) was once incorporated in the Louisiana Employment Security Law, the word voluntarily was deleted by Act 704 of 1954. La.R.S. 23:1601(1) now simply provides in pertinent part:
"An individual shall be disqualified for benefits:
(1) If the administrator finds that he has left his employment without good cause connected with his employment."
Consequently, to qualify for unemployment benefits, the claimant must not only leave his employment for good cause, but that cause must be connected with his employment. See Bateman v. Howard Johnson Company, 292 So.2d 228 (La.1974); Harris v. Woodcrest Mobile Homes, 359 So.2d 243 (La.App. 2d Cir. 1978).
Assuming that the claimant left his employment because of acute alcoholism, there is no evidence in the record that this was connected in any way with his employment. He was, therefore, as held by the Appeals Referee, the Board of Review and the District Court, disqualified for unemployment benefits.
For these reasons, I respectfully dissent from the opinion of this court on rehearing reinstating the original opinion.