480 So.2d 886 (1985)
Gregory C. HARRIS, Plaintiff-Appellant,
v.
ADMINISTRATOR, LOUISIANA OFFICE OF EMPLOYMENT SECURITY and Manville Forest Products, Defendants-Appellees.
No. 17385-CA.
Court of Appeal of Louisiana, Second Circuit.
December 4, 1985.
Writ Denied January 31, 1986.
*887 Culpepper, Teat, Caldwell & Avery by James D. Caldwell, Shreveport, for plaintiff-appellant.
Simmons & Derr by Kermit M. Simmons, Baton Rouge, for defendant-appellee Manville Forest Products.
James A. McGraw, Denise A. Nagel, Herman Robinson, Frank T. Scott, Jr. and Bernard J. Francis, Sr., Baton Rouge, for defendant-appellee Louisiana Office of Employment Sec.
Before HALL, MARVIN and JASPER E. JONES, JJ.
HALL, Chief Judge.
Plaintiff, Gregory C. Harris, appeals from the judgment of the trial court in favor of defendants, Administrator, Louisiana Office of Employment Security and Manville Forest Products, affirming the decision of the Board of Review of the Office of Employment Security denying him unemployment compensation benefits. The agency, appeals referee and the Board of Review found that plaintiff was disqualified from benefits due to misconduct connected with his employment, in particular, absenteeism. On judicial review, the district court affirmed these administrative decisions, finding that they were supported by the evidence and were correct as a matter of law. For the following reasons, we affirm the judgment of the trial court.

FACTS
The pertinent facts contained in the record are as follows: Plaintiff was employed as a chipper operator at the defendant-employer's plant in Joyce, Louisiana. Since the commencement of his employment at the plant on June 6, 1983, plaintiff had received two verbal warnings and three written warnings concerning his absenteeism. In addition, plaintiff had a consultation with a supervisor for counseling in connection with his work record.
On June 25, 1984, plaintiff failed to report to work. Plaintiff telephoned a supervisor to advise the plant he would not be in on that date. The following day, plaintiff was requested to report to the personnel office apparently due to his poor work record. Upon reporting to personnel, plaintiff was asked the reason for his absence.
*888 Plaintiff related that he had been ill with blood pressure problems and had been to see a physician. The physician's office was subsequently contacted by the defendantemployer and it was discovered that the physician was on vacation and that the office had no record of plaintiff's visit. Plaintiff was called back into the office on June 27, 1984 and questioned again about his absence. Plaintiff admitted he had somewhat misled his employer and stated that he saw a nurse at the physician's office. Upon being informed that the doctor was vacation, plaintiff left the office and got a prescription refilled. Plaintiff was then terminated on that date for excessive absenteeism.
At the hearing, Mr. Lee Wood, Employer Relations Supervisor with the defendantemployer, testified that plaintiff was terminated for absenteeism without a bonafide reason.
The plaintiff's application for unemployment compensation benefits was denied by the agency for misconduct consisting of absenteeism after warnings. On appeal, the appeals referee concluded that plaintiff was discharged for misconduct in connection with his employment after making a false statement to his employer in regard to his absence. This decision was later affirmed by the Board of Review. On judicial review, the district court found that the findings of fact that plaintiff was discharged for misconduct in making a false statement regarding his absence were supported by sufficient evidence and the decision disqualifying plaintiff from benefits was correct as a matter of law.

ASSIGNMENTS OF ERROR
On appeal, plaintiff asserts the following assignments of error:
1. The plaintiff was not provided with a proper notice of the cause of his disqualification from benefits so as to deny him a fair hearing and due process of law; and
2. The defendant-employer failed to discharge its burden of proof as to the cause of the plaintiff's discharge from employment.

APPLICABLE LEGAL PRINCIPLES
Judicial review in unemployment compensation proceedings is limited by LSA-R.S. 23:1634 as follows:
1. A determination of whether the findings of fact by the Board of Review are supported by sufficient evidence; and, if so,
2. Whether the decision of the Board of Review is correct as a matter of law.
Charbonnet v. Gerace, 457 So.2d 676 (La. 1984). See also Bowman v. State, Office of Employment Sec., 403 So.2d 825 (La. App.2d Cir.1981) and Gunderson v. Libbey Glass, 412 So.2d 656 (La.App.2d Cir.1982).
The judicial review of the Board of Review's findings does not permit the weighing of evidence, drawing of inferences, reevaluation of evidence or the substitution of the views of the court for that of the Board of Review as to correctness of the facts. Dubois v. La. Dept. of Labor, Off. of Emp. Sec., 427 So.2d 645 (La.App. 5th Cir.1983) and citations therein.
It has been noted that the Louisiana Employment Security Law is remedial in nature and thus should be interpreted by the courts so as to extend benefits as far as possible within the bounds imposed by the express legislative restrictions. The law, as remedial social legislation, is to be liberally construed in the interest of the statute's beneficiaries. Craighead v. Administrator, Etc., 420 So.2d 688 (La.App.2d Cir.1982), writ denied, 422 So.2d 154 (La. 1982) and citations therein.
LSA-R.S. 23:1601(2) provides in pertinent part that an individual shall be disqualified for benefits "... for misconduct connected with his employment."
Misconduct has been defined by the jurisprudence as a willful or wanton disregard for the employer's interest, a deliberate violation of the employer's rules, a direct disregard of standards of behavior which the employer has the right to expect from his employees or negligence in such a degree or recurrence as to manifest culpability, wrongful interest, or evil design, or *889 show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. See Charbonnet v. Gerace, supra; Ball v. Lockwood, 440 So.2d 932 (La. App.2d Cir.1983); Sampson v. Admin'r, La. Office of Emp. Sec., 439 So.2d 458 (La.App.2d Cir.1983), writ denied, 443 So.2d 596 (La.1983); Dawkins v. Sumrall, 424 So.2d 407 (La.App.2d Cir.1982); Gunderson v. Libbey Glass, supra; Ealy v. Sumrall, 401 So.2d 520 (La.App.2d Cir.1981); Dorsey v. Administrator, Louisiana Dept., Etc., 353 So.2d 363 (La.App.1st Cir. 1977), writ denied, 355 So.2d 549 (La.1978); Pilgrim Manor Nursing Home, Inc. v. Gerace, 337 So.2d 660 (La.App.3d Cir.1976) and numerous citations therein.
The employer has the burden of proof by a preponderance of the evidence that the employee's discharge resulted from disqualifying misconduct. Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La.1981); Gunderson v. Libbey Glass, supra; Ealy v. Sumrall, supra; Caldwell v. Gerace, 378 So.2d 1045 (La. App.2d Cir.1979); Toliver v. Doyal, 297 So.2d 476 (La.App.2d Cir.1974); Sykes v. Doyal, 278 So.2d 819 (La.App.2d Cir.1973) and citations therein. The issue of misconduct is primarily a factual one to be determined by the administrator and the Board of Review. However, there must be legal and competent evidence to support the factual findings upon which the administrative determination turns. Further, the determination made must meet "a threshold test of reasonableness" or it is erroneous as a matter of law. Banks v. Administrator of Dept. of Employment, supra. See also Dawkins v. Sumrall, supra.
It has been held that absence from work without sufficient reason, particularly in light of warnings by the employer, may amount to willful misconduct so as to preclude an employee discharged for this reason from obtaining unemployment compensation benefits. Chronic absence of the employee from work without notice and without permission demonstrates a willful disregard of the employer's interests amounting to misconduct. Gunderson v. Libbey Glass, supra and citations therein.
Pursuant to LSA-R.S. 23:1625, a claimant is entitled to notification of the grounds for his disqualification prior to the hearing. Banks v. Administrator of Dept. of Employment, supra. Further, the principles of fundamental due process require that a claimant for unemployment compensation benefits be given prior notice of the definite, certain and specific misconduct for which he was disqualified. Wilkerson v. State, Office of Employment Sec., 439 So.2d 506 (La.App. 1st Cir.1983).

MISCONDUCT OF PLAINTIFF
As noted earlier, the absence from work without sufficient reasons, particularly in light of the employer's warnings, may amount to misconduct so as to disqualify a claimant from receiving unemployment compensation benefits.
The record clearly establishes that the plaintiff had a history of absenteeism resulting in five warnings from his employer as well as a consultation with a supervisor during the period of approximately one year that he was employed by the defendant. Plaintiff was terminated after yet another absence and then misleading his employer by reporting that he had been to see a physician when he in fact had not. We find that such conduct on the part of the plaintiff demonstrates a deliberate violation of the defendant-employer's standards and constitutes disqualifying misconduct as it has been defined by the courts.

NOTICE OF PARTICULAR MISCONDUCT
LSA-R.S. 23:1625 and the principle of due process of law require that a claimant receive notice of the grounds for disqualification before the hearing.
Plaintiff argues that he did not receive proper notice of the grounds for his disqualification in that the notice advised him of excessive absenteeism after warnings *890 and not of making a false statement regarding his absence.
The purpose of the requirement of notification of the grounds of misconduct is to afford the claimant an opportunity to prepare his defense, such as securing witnesses. In the instant case, there is no serious question but that the plaintiff did in fact attempt to mislead his employer as to the nature and cause of his absence. Plaintiff admitted under oath that he originally told his employer that he had been to see a physician. Plaintiff further admitted that the information he provided to his employer as to the absence was false. As there was no genuine dispute on this issue, the plaintiff could not have been prejudiced by the alleged insufficiency of his notice. Furthermore, as the principal underlying cause of plaintiff's termination was excessive absenteeism, the notice was sufficient and satisfactorily informed plaintiff as to the nature of the charges against him.

EMPLOYER'S BURDEN OF PROOF
It is well-settled that the employer has the burden of proving that the employee's discharge resulted from disqualifying misconduct.
Plaintiff argues that the defendant-employer failed to discharge its burden of proof that plaintiff was discharged for absenteeism. This argument is without merit. As noted hereinabove, the employer established by a preponderance of the evidence that plaintiff was absent on numerous occasions, had received numerous warnings and on one occasion had falsified the nature of his absence, which evidence was uncontradicted by the plaintiff.

DECREE
For these reasons, the judgment of the district court in favor of defendants, Administrator, Louisiana Office of Employment Security and Manville Forest Products, finding that plaintiff, Gregory C. Harris, is ineligible for unemployment compensation benefits is affirmed.
AFFIRMED.