DUFRESNE, Judge.
This case comes to us from the trial court’s denial of unemployment compensation benefits. We affirm.
Plaintiff, Michelle Collins, was employed by the defendant, Newswheels Publishing Corporation, a/k/a “News on Wheels”, as a receptionist for approximately four years until she was discharged on October 30, 1986. On November 2,1986, plaintiff instituted a claim for unemployment compensation benefits. The agency determined that plaintiff’s discharge was not for misconduct connected with her employment; hence, no disqualification of benefits was assessed against plaintiff.
Defendant appealed the agency’s ruling to the Appeals Tribunal; which overruled the ágency and determined that the plaintiff was discharged for absence without proper notification to her employer and denied any unemployment benefits. The decision of the Appeals Tribunal was based on the following findings of fact:
“The claimant worked for the employer for four years as a receptionist until October 27, 1986. Her hours of work were from 9:00 a.m. to 5:00 p.m., Monday through Friday, and from 10:00 a.m. to 2:00 p.m. on Saturdays. She last earned an hourly salary of $6.50.
During the last several months of the . claimant’s employment, the employer had been dissatisfied with her work. When she returned from vacation on October 30, 1986, the claimant was issued a memorandum which indicated that her previous performance and appearance had been less than satisfactory.
On October 27, 1986, the claimant reported to work at approximately 7:30 a.m. She left at 9:00 a.m., informing a co-worker that she had an afternoon doctor’s appointment. Although she was not feeling well, she did not indicate that she was leaving because of illness. She did not discuss her situation with either the controller or the company president who were on the premises. The claimant did not report to work as scheduled on October 29, 1986. On October 30, 1986, the claimant reported for work as scheduled. She was informed that she had been discharged for lack of performance, failure to give sufficient notice when she was absent for work, and for leaving the office on October 27, 1986, without fully explaining her absence. The claimant made no attempt to offer an explanation to the employer, nor did she discuss any of the allegations.
At the Appeals Hearing, the claimant contended that she notified the controller on October 28, 1986, that she was not coming to work until she received the results of some laboratory tests performed by her doctor. She gave no explanation for her failure to present this information to the employer at the time of discharge. The employer denied that anyone in the company received word from the claimant to explain her absence.”
Plaintiff appealed the ruling of the Appeals Tribunal to the Louisiana Board of Review. The Board of Review adopted the findings of fact of the Appeals Tribunal and affirmed its decision, denying any payment of unemployment compensation benefits.
Plaintiff then filed a Petition for Judicial Review in the 24th Judicial District Court. After reviewing the factual findings of the Appeals Referee and the Louisiana Board of Review and considering the legal principles involved, the trial court affirmed the decision of the Board of Review and ren *1203 dered judgment in favor of defendant-employer and against the plaintiff-employee.
From this judicial pronouncement, plaintiff has appealed to us for our review and assigns the following errors:
1.) The trial court erred in affirming the Board of Review’s decision because the record was not supported by sufficient evidence and,
2.) The trial court erred in affirming the Board of Review’s incorrect finding that plaintiff’s actions constituted misconduct within the meaning of LSA-R.S. 23:1601(2).
Judicial review in unemployment compensation claims is statutorily limited by LSA-R.S. 23:1634 to the following:
(1) A determination of whether the findings of fact by the Board of Review are supported by sufficient evidence; and, if so,
(2) Whether the Board of Review is correct as a matter of law.
Harris v. Administrator, Louisiana Office of Employment Security, 480 So.2d 886 (La.App. 2nd Cir.1985).
Where there is sufficient evidence to support the findings of the Board of Review, we will accept the construction or interpretation of the evidence reasonably made by the administrative agency. Ware v. Doyal, 320 So.2d 212 (La.App. 3rd Cir.1975).
Our review of the trial court or Board of Review’s findings of fact does not permit us to re-evaluate evidence or substitute our views for theirs relative to the correctness of the facts. The relevant facts of plaintiff’s discharge are clearly presented in the record and are supported by competent and sufficient evidence. We accept these facts as true. Dubois v. Louisiana Department of Labor, Office of Employment Security, 427 So.2d 645 (La.App. 5th Cir.1983).
The Board of Review’s findings of fact revealed that plaintiff was disqualified for compensation benefits under LSA-R.S. 23:1601(2) for misconduct relative to her employment. In so finding, plaintiff’s misconduct must have resulted from wilful or wanton disregard of defendant’s interest, from a deliberate violation of defendant’s rules, or from a direct disregard of standards of behavior which the defendant has the right to expect from plaintiff. Charbonnet v. Gerace, 457 So.2d 676 (La.1984).
An unexcused absence from the work-place, and a failure to timely notify the employer, can be disqualifying misconduct if a wrongful intent is established. Carter v. Blache, 476 So.2d 873 (La.App. 2nd Cir.1985).
This is not a situation where plaintiff was discharged from her employment because of chronic absenteeism; rather, she was denied benefits because her absence from the work-place was without proper notification to her employer.
We are convinced after reviewing the record that the defendant has adequately demonstrated with sufficient proof the misconduct and intent by plaintiff to act in a wilful or wanton disregard of defendant’s interest.
Plaintiff’s failure to give timely notice, or any notice whatsoever that she would be absent from work, in light of her knowledge that it was an employment requisite that proper and timely notice be given, constitutes as a matter of law, obvious and open disregard of defendant’s interest.
Accordingly, judgment of the trial court is affirmed.
AFFIRMED.