LINDSAY, Judge.
The defendants, Debra B. Elledge and the Office of Employment Security, appeal a district court judgment denying unemployment compensation benefits to Ms. El-ledge. The district court found that Ms. Elledge did not leave her employment for “good cause.” LSA-R.S. 23:1601(1). For the following reasons, we reverse the district court judgment.
FACTS
Ms. Elledge was employed by the plaintiff, Sedric E. Banks, as a legal secretary for approximately nine years. In June, 1986, she approached Mr. Banks about her desire to attend college as a full-time student. They agreed upon a schedule by which she would work part-time. Beginning in August, 1986, Ms. Elledge worked only in the mornings, while another part-time secretary worked in the afternoon. She worked about twenty to twenty-five hours per week.
In September, 1986, Ms. Elledge underwent knee surgery. Thereafter, she continued to work her normal, part-time schedule. Until the first of December, she also attended physical therapy sessions on Wednesday and Friday afternoons.
*810 At the end of November, 1986, Mr. Banks discharged the other secretary. At the beginning of December, Ms. Elledge received two notes from Mr. Banks. The first note indicated that in addition to her normal work hours, she should count on staying all day on Wednesdays and Fridays, “plus any and all other times you are out of school.” In the second note, Mr. Banks recommended that, if Ms. Elledge did not want to work the hours he suggested, she should continue to work until January 1, 1987, and then take off for two to three months to decide if she wanted to return. He informed her that he was motivated by a need to make a specified amount of money per month to meet his financial commitments. He needed her assistance and cooperation to attain his goals.
After receipt of the two notes, Ms. El-ledge gave her employer two weeks’ notice. She worked full-time from that day until her last day of work, December 19, 1986.
The local agency denied unemployment compensation benefits to Ms. Elledge because it found that she did not leave her employment for good cause connected with the employment. The agency found that she left because of her dissatisfaction with her hours of work, and that she was aware of the hours when she accepted employment.
A hearing was conducted before an administrative law judge on March 4, 1987. Both Ms. Elledge and Mr. Banks testified. The administrative law judge found that, although Ms. Elledge originally worked full-time, Mr. Banks agreed to her request to work part-time and reassigned her to a new schedule by which she would only work between twenty to twenty-five hours per week. Thereafter, her employer notified Ms. Ellege that he wanted her to work all day on Wednesdays and Fridays. Consequently, the administrative law judge concluded that Ms. Elledge quit because her part-time schedule was changed by her employer, and that her leaving was for good cause connected with the employment. The agency assessment of disqualification was reversed, and unemployment compensation benefits were awarded to Ms. Elledge. Subsequently, the Board of Review affirmed the decision of the administrative law judge.
Mr. Banks sought judicial review in the district court, requesting the reversal of the Board’s decision or a remand for the taking of additional evidence. The Office of Employment Security filed an answer in which it recommended affirmation of the decision of the Board of Review. The district court reversed the Board’s decision, finding that Ms. Elledge’s schedule had not changed so substantially as to give her good cause to quit her job. A judgment in conformity with the district court’s decision was signed on October 8, 1987.
Ms. Elledge and the Office of Employment Security subsequently filed this appeal. They argue that the district court erred in reevaluating the evidence and drawing its own inferences, and in concluding that the administrative law judge misinterpreted the facts. They also contend that the district court was in error in holding that Ms. Elledge did not have good cause for leaving her employment.
SUFFICIENCY OF EVIDENCE
Judicial review in unemployment compensation proceedings is limited by LSA-R.S. 23:1634. A reviewing court must determine: (1) whether the findings of fact by the Board of Review are supported by sufficient evidence; and, if so, (2) whether the decision of the Board of Review is correct as a matter of law. Harris v. Administrator, Louisiana Office of Employment Security, 480 So.2d 886 (La.App. 2d Cir.1985), writ denied 481 So.2d 1338 (La.1986).
The administrative law judge found that the employer agreed to allow the claimant to work part-time, and that she gave notice only after the employer notified her of the change in her work schedule whereby she would be required to work all day on Wednesdays and Fridays. The employer argued that his understanding of the terms of Ms. Elledge’s employment was that she would work all day, two or three days a week. However, he conceded at the hearing, “I don’t — I don’t remember exactly what [the agreement] was.” Ms. Elledge *811 apparently offered, when the part-time agreement was reached, to work on Wednesday and Friday afternoons if needed, but not as a permanent all-day arrangement. Shortly thereafter, Ms. Elledge experienced problems with her knees requiring surgery, and she began spending Wednesday and Friday afternoons undergoing physical therapy.
The record reflects that there was sufficient competent evidence to support the Board of Review’s findings of fact. Ms. Elledge was reassigned to a part-time schedule by her employer. Subsequently, her employer found the arrangement operating to his detriment, and he informed her that he was going to increase her schedule to include at least two afternoons per week. While Ms. Elledge may have initially offered to work these extra hours, her part-time schedule did not require her to work all day on Wednesdays and Fridays.
As the findings of fact by the Board of Review were supported by sufficient evidence and there were no allegations of fraud, the Board’s findings are conclusive.
GOOD CAUSE FOR LEAVING ONE’S EMPLOYMENT
Good cause connected with a person’s employment means cause connected with working conditions, ability of the employee to continue the employment, availability of transportation to and from work and other factors which affect the employee’s ability or right to continue work or which affect the benefits he may receive from his employer either upon continuation of work or retirement.... It is good cause connected with employment for an employee to quit his job when the work becomes unsuitable due to unanticipated working conditions.... A change in an employee’s shift work may constitute good cause to resign his employment.... [citations omitted] Louisiana Department of Corrections v. Administrator, Louisiana Office of Employment Security, 457 So.2d 825 (La.App. 1st Cir.1984).
The Louisiana Employment Security Law is remedial in nature and as such should be interpreted by the court to extend its benefits as far as possible within the bounds imposed by express legislative restrictions. This remedial social legislation is to be construed liberally and in the interest of the statute’s beneficiaries. Parker v. Ge-race, 354 So.2d 1022 (La.1978); Craighead v. Administrator, Department of Employment Security of State of Louisiana, 420 So.2d 688 (La.App. 2nd Cir.1982), writ denied 422 So.2d 154 (La.1982).
The plaintiff argues that Ms. El-ledge quit because of “mere dissatisfaction” with her job. Mere dissatisfaction with working conditions does not constitute “good cause” for leaving one’s employment unless the dissatisfaction is based upon a substantial change in wages or working conditions from those in force at the time the claimant’s position began. Plunkett v. Administrator, Louisiana Office of Employment Security, 504 So.2d 106 (La.App. 2d Cir.1987).
In the instant case, a new contract of employment came into effect when Mr. Banks hired another secretary to work afternoons and Ms. Elledge began working part-time. Subsequently, the employer decided to increase Ms. Ellege’s work schedule, which consisted of working in the mornings, to include afternoons at least two days a week. In his first note, the employer informed Ms. Elledge that he required her presence on additional occasions as well. In his second note, Mr. Banks made it abundantly clear that the present situation was unsatisfactory. He obviously wanted Ms. Elledge to either resume a full-time schedule or terminate her employment with him.
This new employment condition was contrary to the agreement they had reached in the summer of 1986 when Mr. Banks agreed with Ms. Elledge’s request to work part-time. The parties effectively entered into a new part-time employment contract at that time. The record does not indicate that this new part-time employment arrangement was tentative or conditional. Mr. Banks’ decision to renege on their agreement precipitated a significant change in Ms. Elledge’s working conditions *812 which she could not reasonably accept. To once again become a full-time secretary would have altered the terms of her employment. It would have substantially and adversely affected her, in that it would have interfered with her ability to enroll in classes.
Consequently, we find that Ms. Elledge quit her job for good cause connected with her employment. The judgment of the district court is reversed, and the decision of the Board of Review awarding unemployment compensation benefits is reinstated.
REVERSED AND RENDERED.