Thomas Mooney, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 15, 1978, before Judges MEN-CER, BLATT and MacPHAIL, sitting as a panel of three.

*Richard P. Perna,* for petitioner.

*Reese Couch,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, December 26, 1978:

Thomas Mooney (claimant), an alcoholic employed as a janitor by the Diagnostic and Rehabilitation Center of Philadelphia, began drinking after work on Friday, December 12, 1975. He continued to drink throughout the weekend, eventually falling into an alcoholic stupor. As a result, he failed to report for work on Monday morning, December 15. His supervisor visited him at home on several occasions during the rest of the week, ordering claimant to "sleep it off and come in in the morning and go to work." Finding claimant still intoxicated on Friday, the supervisor discharged him.

Claimant's application for unemployment compensation was eventually denied by the Unemployment Compensation Board of Review (Board) on the basis that claimant was unemployed "through his own fault" and therefore ineligible under Section 3 of the Unemployment Compensation Law, Act of December

5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §752. In its adjudication, the Board made the following findings of fact:

2. The claimant has suffered from a disease known as Chronic Alcoholism for the better part of his adult life.

. . . .

4. One of the symptoms of the claimant's disease is that sometimes the claimant slumps into an alcoholic stupor sometimes lasting for days, during which time the claimant loses both a sense of time and reality.

. . . .

7. The claimant had been in and out of treatment for his illness for several years and had rehabilitated to an extent.

8. The claimant knew, however, that the only true cure was to completely abstain from the consumption of alcohol.

9. On Friday, December 12, the claimant decided to take a drink after work and continued drinking uncontrollably until producing the incapacitating stupor.

10. The claimant remained in his alcoholic stupor for five days, including December 15, 16 and 17, during which time he neither reported for work nor reported off from work.

Claimant does not contest these findings. Rather, he argues that the Board's finding that he suffers from a "disease" which caused him to drink "uncontrollably" precludes a conclusion that he was in any way at fault in failing to report for work. We cannot agree.

It is true that alcoholism is now generally regarded as a "disease." *See, e.g.,* Section 10 of the Pennsylvania Drug and Alcohol Abuse Control Act, Act of April

14, 1972, P.L. 221, 71 P.S. §1690.110. However, as noted by Justice MARSHALL, writing for a plurality of the United States Supreme Court in *Powell v. Texas,* 392 U.S. 514, 522 (1968),

> the inescapable fact is that there is no agreement among members of the medical profession about what it means to say that 'alcoholism' is a 'disease.' One of the principal works in this field states that the major difficulty in articulating a 'disease concept of alcoholism' is that 'alcoholism has too many definitions and disease has practically none.' This same author concludes that *'a disease is what the medical profession recognizes as such.'* In other words, there is widespread agreement today that 'alcoholism' is a 'disease,' for the simple reason that the medical profession has concluded that it should attempt to treat those who have drinking problems. There the agreement stops. (Emphasis in original, footnotes omitted.)

If the medical profession has come to agreement on the nature of the "disease" concept as applied to alcoholism in the ten years since *Powell* was decided, neither the record in this matter nor the authorities cited by the claimant so indicate.

Given this disagreement, we cannot draw the inference which the claimant would like us to draw and which the Board apparently drew in its finding of fact 9, that because claimant suffers from a disease, he could not control his urge to drink to excess.[1] The record simply does not support such a conclusion. On the contrary, the claimant testified that he had, on

---

[1] The mere fact that a person suffers from a disease does not necessarily mean that he or she has no control over the progress of the disease. One can, for example, seek appropriate help and treatment and avoid activities known to aggravate the problem.

many occasions, taken a drink or two on Friday evenings and had been able to avoid becoming so drunk that he was unable to report for work. Moreover, as the Board found, claimant knew that the only cure for his disease was to completely abstain from alcohol, yet he nevertheless "decided" to take that first drink. Claimant must now bear the responsibility for that decision.

We recognize that claimant has raised difficult questions concerning the concepts of fault and individual responsibility as applied to alcoholics. Nevertheless, neither the evidence presented nor the medical authorities cited establish that an alcoholic cannot control his own drinking, albeit with some help and effort, and we cannot conclude that claimant was in no way responsible for his failure to report for work and his resulting discharge. We must therefore affirm the denial of benefits.

ORDER

AND Now, this 26th day of December, 1978, the order of the Unemployment Compensation Board of Review, dated March 28, 1977, denying unemployment compensation benefits to Thomas Mooney, is hereby affirmed.