Bernard Katz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 4, 1978, before Judges WILKINSON, JR., DiSALLE and MacPHAIL, sitting as a panel of three.

*Richard P. Perna,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for appellee.

OPINION BY JUDGE DiSALLE, January 17, 1979:

Bernard Katz (Claimant) appeals from the decision of the Unemployment Compensation Board of Review (Board) denying him benefits by reason of a determination that he became unemployed "through his own fault" within the meaning of Section 3 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §752. The relevant findings of fact indicate that Claimant had a long standing drinking problem; that he had undergone extensive treatment during his eight years of work with the employer; that the employer had previously warned Claimant regarding excessive absenteeism; that as a result of extensive therapy Claimant was aware of his drinking problem and knew that he could not drink and remain employable; and that Claimant was repeatedly absent prior to his last date of employment because of physical disability resulting from consumption of alcohol. The Board, fully cognizant of the view that alcoholism may, in its advanced stages, be considered a disease, nevertheless concluded that Claimant's voluntary consumption of alcohol rendered the termination of his

employment inevitable and that he was, therefore, at fault for having lost his job.

Claimant first argues that the Board's findings of fact are unsupported by substantial evidence. Claimant's principal argument, however, is that since alcoholism is a disease over which an afflicted person has little or no control, the Board's apparent determination that alcoholism is a voluntary condition constitutes an error of law.[1]

Turning to Claimant's initial argument, we believe the findings of fact are amply supported by the record and that we are obliged, therefore, to accept them as conclusive. *Rodites v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 128, 382 A.2d 1287 (1978). Those findings, dealing with the nature, severity and treatment of Claimant's drinking problem, his awareness of his absenteeism which resulted therefrom, as well as the chain of events surrounding his eventual discharge, are all supported by Claimant's own testimony. Indeed, his physician's description of the nature of Claimant's disability was

---

[1] Claimant makes several other arguments dealing generally with alleged violations of federal constitutional and statutory law. Nothing in the record indicates, and Claimant does not suggest, that these issues were raised below or dealt with by the various administrative review bodies. The applicable scope of review provision of the Administrative Agency Law, 2 Pa.C.S. §703(a), makes it abundantly clear that a party may not raise before the Court *any* question, other than the validity of the respective statute, not raised before the agency (notwithstanding the fact that the agency is not competent to resolve such question) unless allowed by the Court upon due cause shown. This statutory pronouncement sets forth the well established rule that the appealing party generally must preserve below those questions which it seeks to have the Court review. The record being entirely devoid of any mention of the questions Claimant now seeks to address, and in the absence of any showing why the Court should nevertheless resolve them, we will not consider Claimant's additional arguments.

phrased in terms of his physical or emotional exhaustion, and made no mention whatsoever of alcoholism.

Claimant contends that the Board erred as a matter of law in allegedly determining that alcoholism is a voluntary condition and that an alcoholic who loses his job because of drinking-related absenteeism is, therefore, at fault and ineligible to receive unemployment compensation. The Board drew no such conclusion. It is clear that the Board simply found that Claimant failed to regulate his drinking and thereby preserve his employment. Viewing the Board's discussion and conclusions in this light, we believe that the Board properly found that Claimant exercised such control over his drinking problem as to have rendered himself responsible for his ultimate discharge and, therefore, ineligible to receive benefits. We perceive no error of law in this. *See Mooney v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 404, 395 A.2d 675 (1978).

ORDER

AND Now, this 17th day of January, 1979, the Order of the Unemployment Compensation Board of Review dated May 23, 1977, denying benefits to Bernard Katz is hereby affirmed.