Durst Buster Brown (Harry Durst and Maye Durst, Owners), Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Anthony Gamza, Respondents.

Argued September 8, 1980, before President Judge CRUMLISH and Judges MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Daniel I. Murphy*, with him, *Donald J. Martin*, *Waters, Gallagher, Collins & Masterson*, for petitioner.

*Steven Marcuse*, Assistant Attorney General, with him, *Richard Wagner*, Chief Counsel, and *Edward G. Biester, Jr.*, Attorney General, for respondents.

OPINION BY JUDGE WILLIAMS, JR., January 19, 1981:
This is an appeal by Harry Durst and Maye Durst, as owners of Durst Buster Brown shoe store, from an order of the Unemployment Compensation Board of

Review (Board) granting benefits to Anthony Gamza (claimant). The Board affirmed a referee's decision that the claimant had not committed willful misconduct, as to be ineligible by force of Section 402(e) of the Unemployment Compensation Law.[1]

Until December 29, 1978, the claimant was employed by the Dursts as a salesman in their shoe store, having worked for them approximately one year. During the period of his employment claimant Gamza frequently reported to work obviously under the influence of alcohol. On those occasions, one of the employers testified, the alcohol would "just permeate from him." The claimant himself admitted at the referee's hearing that he did frequently arrive at work under the influence of alcohol. The claimant also admitted that his condition on those occasions was due to drinking at home the night before or in the morning before reporting to work. However, he was never found drinking on the job; and he never had to be sent home because of his condition.

The Dursts several times had conversations with the claimant about his drinking. In November 1978, about the Thanksgiving holiday, one of the employers, Harry Durst, told Gamza that his drinking was adversely affecting the business. Harry Durst also advised Gamza that he was expected to "straighten-out" his drinking problem by Christmas 1978 or he would be terminated. Upon that advice from his employer the claimant joined Alcoholics Anonymous.

Gamza's drinking decreased but did not cease. He admittedly continued his nocturnal drinking; and, on December 22, 1978, he again reported to work under the influence of alcohol. As they had done in the past, the owners permitted him to work that day.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

The claimant did not report to work again until December 29, 1978, having been involved in an automobile accident in the interim. On that date, according to Harry Durst, the claimant came to work showing signs of having been drinking. That day Gamza was discharged. According to the employer, the reason for the discharge was that the claimant had failed to curb his drinking. According to the claimant he was discharged for not being "dependable."

The Bureau of Employment Security determined that the claimant was ineligible for reason of willful misconduct under Section 402(e) of the Law; however, the referee reversed that determination. When the Board affirmed the referee, the instant appeal by the employers followed.

The referee made findings of fact as follows:

2. During the period of his employment, the claimant had reported to work on many occasions suffering from the affects [sic] of having been drinking the prior evening.

3. The employer felt that the claimant was under the influence of alcohol on all of these occasions but nevertheless permitted claimant to work.

4. The employer discussed this matter with the claimant on many occasions and during the latter period of his employment convinced claimant to join Alcoholics Anonymous, which he did.

5. Subsequently, the claimant's drinking decreased but the employer felt that he was continuing to report to work under the influence of alcohol.

6. The claimant did consume alcohol during the evening hours but at no time did he drink while on duty.

7. On 12/22/78, the claimant again reported for work after having been drinking the previous evening but he was permitted to work.

. . . .

9. When claimant reported for work on 12/29/78, he was notified by the employer that he was being discharged because he was not dependable.

On the basis of those findings the referee concluded that willful misconduct had *not* been shown.

Included in the definition of willful misconduct is a deliberate disregard by an employee of the standards of behavior an employer can rightfully expect from an employee. *E.g., Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). Of course, the burden of proving willful misconduct is on the employer. *Id.*

It is well established that the referee's findings of fact may not be disturbed by this Court when substantial record evidence exists to support them. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977). In that regard, we conclude that the referee's findings of fact in this case are supported by substantial record evidence; and it is not, therefore, within our province to disturb them.

However, whether the claimant's behavior, as depicted in the referee's conclusive findings, rises to the level of willful misconduct under Section 402(e) is a question of law for this Court. *Maiers v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 338, 409 A.2d 956 (1980) ; *Paige v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 141, 394 A.2d 1318 (1978). Accordingly, we must determine whether the findings below will support the legal conclusion reached by the referee and affirmed by the Board.

From the findings made, the referee reasoned as follows in reaching his legal conclusion that willful misconduct had not been shown:

> The employer contends that claimant was discharged because on many occasions he appeared to be under the influence of alcohol when he reported for work. *Yet the record indicates that the claimant was able to perform his duties on all of these days and that he did not drink during working hours.* Claimant's testimony indicates that his drinking decreased substantially when he joined Alcoholics Anonymous. (Emphasis added.)

In short, the proposition applied was that because the claimant was able to perform his duties and did not drink at work, his reporting to work under the influence of alcohol did not constitute willful misconduct. That proposition is at odds with decisions of this Court.

In *Chambers v. Unemployment Compensation Board of Review*, 13 Pa. Commonwealth Ct. 317, 318 A.2d 422 (1974), we held that it constituted willful misconduct for an employee to report to work in an intoxicated condition. More directly on point is *Klink v. Unemployment Compensation Board of Review*, 5 Pa. Commonwealth Ct. 62, 289 A.2d 494 (1972). In *Klink* this Court decided that a traveling salesman committed willful misconduct by going about his work bearing the odor of alcohol. *Klink* further held that it was no defense that the salesman did not drink while actually on the job.

This case raises difficult questions about concepts of fault and individual responsibility as applied to persons who may be alcoholics, a problem which this Court recognized in *Mooney v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 404, 395 A.2d 675 (1978). However, here, as in

*Mooney,* the record affords no competent basis for concluding that the claimant could not control his behavior.[2]

Accordingly, we must conclude that the referee and the Board committed an error of law, and we must reverse the grant of benefits in this case.

#### ORDER

AND Now, the 19th day of January 1981, the order of the Unemployment Compensation Board of Review at Decision No. B-172045, granting benefits, is reversed.

---

[2] In *Mooney* the claimant was discharged because he failed to report to work due to an alcoholic stupor. The conclusion of ineligibility in that case was based on Section 3 of the Unemployment Compensation Law, 43 P.S. §752, that is, that the claimant had become unemployed through his own fault.