Leroy F. Placid, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 4, 1981, before Judges MENCER, ROGERS and MACPHAIL, sitting as a panel of three.

*Arthur L. Gutkin,* for petitioner.

*Francine Ostrovsky,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, April 3, 1981:

Leroy F. Placid (Petitioner) seeks review of Decision No. B-176243 of the Unemployment Compensation Board of Review (Board) dated September 28, 1979 which affirmed a referee's order denying the Petitioner unemployment benefits.

The facts of this case are uncontested. The Petitioner was last employed as a department manager for Clemens Market (Employer) for a period of six years. His last day of work was June 28, 1979. He applied to the Office of Employment Security (Office) for benefits. The Office denied benefits under Section 402(e) of the Unemployment Compensation Law (Law).[1] The Petitioner appealed. After a hearing at which both the Petitioner and an Employer representative appeared and testified, the referee concluded and the Board agreed that the Petitioner had been

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). Section 402(e) reads in pertinent part as follows:

An employee shall be ineligible for compensation for any week—

....

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work....

43 P.S. §802(e).

discharged from his employment because of willful misconduct. The Petitioner appealed to this Court.

It is well established that the burden of proving willful misconduct is on the Employer. *Lake v. Unemployment Compensaiton Board of Review*, 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979). Where, as here, the party bearing the burden of proof prevails before the Board, our scope of review on appeal is to determine whether an error of law has been committed and whether any necessary finding of fact is unsupported by substantial evidence. *Lake, supra.*

Willful misconduct is a question of law. *Boyer v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 191, 415 A.2d 425 (1980). As we stated in our opinion in *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-69 (1973):

> For behavior to constitute wilful misconduct, it must evidence (a) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employe, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

"It is only when an employee's actions are *justifiable and reasonable under the circumstances* that they will not be regarded as willful misconduct." (Emphasis in original.) *Lake, supra* at 143, 409 A.2d at 129. Where an employee attempts to justify the alleged misconduct by showing good cause, the employee bears the burden of proving good cause. *Gane v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 292, 398 A.2d 1110 (1979).

The Petitioner argues before this Court that there was not substantial evidence in the record to support the Board's Findings of Fact and that the Board erred as a matter of law in determining the Petitioner was ineligible for benefits. We disagree.

At the hearing, the Employer representative testified and the Petitioner admitted that he was aware of and had violated two company rules, namely that an employee must punch his time card at the beginning and end of his work and lunch period and that an employee was not permitted to leave the store during working hours other than on his lunch hour. The referee found that on June 27, 1979 and on several other occasions the Petitioner had returned late from lunch and had not punched his time card when he returned from lunch but had written on the time card that he had taken one hour. The Board further found that on June 27, 1979 and on one other occasion the Petitioner had left the store during working hours without permission. The Petitioner also admitted that he enforced these rules against the employees under his supervision and that he knew violation of these rules called for dismissal. These deliberate violations of the rules clearly fall within the Court's definition of willful misconduct.

Once the Employer has met his burden to prove the discharge was for willful misconduct, it is incumbent upon the Petitioner to demonstrate, if possible, that his actions were justified and reasonable under the circumstances. *Holomshek v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 503, 395 A.2d 708 (1979). The Petitioner argues before this Court that an unofficial, but totally acceptable, system had developed between himself and his supervisors that permitted him to take longer lunch hours so long as he compensated for the lost time by working overtime. The Petitioner further contends that he was

acting properly under the circumstances. Nothing in the record, however, indicates that the Petitioner raised this issue before the referee. The Petitioner, in fact, claimed that he could remember marking his time card in a similar fashion on only one or two other occasions. The applicable scope of review of the Administrative Agency Law, 2 Pa. C. S. §703(a), makes it abundantly clear that a party may not raise upon appeal *any* question other than the validity of the stature in the appeal that was not raised before the agency unless allowed by the Court upon due cause shown. We, therefore, are precluded from considering this argument.

The Petitioner further contends that he received no forewarning of the consequences of his misconduct and that his abrupt dismissal in lieu of some lesser discipline somehow indicates "personal motives" on the part of his supervisors which Petitioner contends were the real cause for his dismissal. Of course, the lack of prior warnings is not a defense in willful misconduct cases of this nature. *Jackamonis v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 571, 408 A.2d 581 (1979). The admitted misconduct on the part of the Petitioner was sufficient to warrant discharge and denial of unemployment compensation benefits irrespective of any alleged "personal motives" for his dismissal.

Our review of the record convinces us that there was substantial evidence to support the Board's findings of fact and that the Board did not err as a matter of law in finding the Petitioner ineligible for benefits.

Order affirmed.

### Order

AND, Now, this 3rd day of April, 1981, Decision No. B-176243 of the Unemployment Compensation

256

Board of Review dated September 28, 1979, affirming the referee's decision that Leroy F. Placid was ineligible for unemployment compensation benefits, is hereby affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.