485 A.2d 1214

Albert Morrell, Sr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 12, 1984, to Judges WILLIAMS, JR., CRAIG and DOYLE, sitting as a panel of three.

500

*E. J. Julian,* for petitioner.

*Charles Hasson,* General Counsel, for respondent.

OPINION BY JUDGE DOYLE, December 3, 1984:

Before this Court is an appeal by Albert Morrell, Sr. (Claimant) from a decision and order of the Unemployment Compensation Board of Review (Board) denying unemployment compensation benefits on the ground that Claimant's reporting for work in an unfit condition was an act of willful misconduct under Section 402(e) of the Unemployment Compensation Law (Law).[1]

Claimant, who is employed as an A and P Line Operator's Helper by the Washington Steel Corp., reported to work in an unfit condition on March 3, 1982. Twice before in 1982 Claimant had been suspended for similar conduct. The March 3, 1982 incident resulted in a six month suspension; the employer selected the six month time period to give Claimant time to seek treatment for his alcoholic condition. Claimant does not deny that he was, in fact, unfit for work on the noted date.

When Claimant's application for unemployment benefits was denied by the Office of Employment Security (OES) on grounds of willful misconduct, Claimant appealed to a referee who sustained the decision of OES on different grounds.[2] Subsequent to a Board ordered

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended;* 43 P.S. §802(e).

[2] The referee found that because Claimant was on indefinite suspension due to his alcoholic condition, he did not meet the eligibility requirement of Section 401(d)(1) of the Law, 43 P.S. §801(d)(1), that is, that the claimant was not available for work.

remand for the purpose of taking additional testimony, the Board affirmed the denial of benefits on the ground of willful misconduct. The appeal to this Court followed.

In willful misconduct cases the burden of establishing the Claimant's ineligibility is on the employer. *Placid v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 250, 427 A.2d 748 (1981). And when the party with the burden of proof prevailed below this Court's scope of review is limited to a determination of whether the Board's findings of fact are supported by substantial evidence or whether the Board has committed an error of law. *Id*.

Claimant first contends that his appearance for work in an unfit condition on March 3, 1982 did not constitute willful misconduct, but was caused by "unresolvable stress" and, hence, was not a willful act. This Court has held that the deliberate violation of an employer's rules does constitute willful misconduct. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). We do not find Claimant's contention that his act was not willful to be persuasive. Alcoholism provides no excuse for the consequences of the alcoholic's actions. Succinctly, the claimant was not discharged for alcoholism; he was discharged for violating the employer's work rules.

In *Mooney v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 404, 395 A.2d 675 (1978), *aff'd per curiam*, 487 Pa. 448, 409 A.2d 854 (1980), this Court held that an alcoholic employee who was dismissed because he failed to report to work due to his alcoholic stupor was unemployed through his own fault under Section 3 of the Law.[3] Although *Mooney* was not technically a willful misconduct case, it recognized

---

[3] 43 P.S. §752.

that an employee must bear the responsibility for the consequences of his drinking. Claimant has attempted to distinguish *Mooney* from his own situation by contending that he, unlike Mooney, was unaware of his condition and hence, that his conduct cannot be deemed willful. Even assuming that claimant may have been unaware of his alcoholic condition, he was not unaware of his conscious choice to drink prior to reporting for work, and the prior warnings with respect to his reporting to work in an unfit condition indicate that he should have been aware of his potential for alcohol abuse. We therefore find that the Board acted properly in determining that Claimant had been guilty of willful misconduct.

Claimant also asserts that the Board's findings were not supported by substantial evidence. The record indicates that all findings are adequately supported. Accordingly, we affirm the Board's decision.

## Order

Now, December 3, 1984, the decision and order of the Board, No. B-214414, dated February 3, 1983, is hereby affirmed.

---

Dissenting Opinion by Judge Williams, Jr.:
Respectfully, I dissent.

Claimant, an undiagnosed and untreated alcoholic, was discharged for violating work rules that prohibit reporting to work in an unfit condition. The majority, concluding that claimant *deliberately* contravened the work rules, affirmed the Board's denial of benefits under the willful misconduct provision of the Unemployment Compensation Law (Law).[1]

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Although the word "deliberate" denotes a "fully conscious often willful intent,"[2] neither the Board nor the Court considered whether claimant's alcoholism negated such willfulness. In enunciating a *new* rule of strict accountability, the Court disregards precedent, ignores the pernicious effects of claimant's alcoholism and offends the humanitarian, remedial public policy underlying the Law.

The majority cites *Mooney v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 404, 395 A.2d 675 (1978), *aff'd per curiam,* 487 Pa. 448, 409 A.2d 854 (1980), for the broad proposition that alcoholic claimants, regardless of the severity of their impairment, are responsible for their alcoholism-induced misconduct. *See* Majority Opinion at 3. *Mooney* establishes, however, that only those alcoholic claimants, who the factfinder determines have the ability to control their drinking, are responsible for their work lapses.

In *Mooney,* the Court affirmed an alcoholic claimant's disqualification under Section 3 of the Law, 43 P.S. §752, because he had evinced an ability to abstain from heavy drinking. The Section 3 ineligibility determination was based upon findings that the claimant (1) knew that he was a chronic alcoholic; (2) had drunk moderately in the past; and, (3) was partially rehabilitated.

In the case *sub judice,* the record indicates that claimant was unaware of his alcoholism and had not, therefore, undergone rehabilitation. I would remand for findings pertinent to claimant's capacity to control the drinking which adversely affected his work. *Id.; see also Durst Buster Brown v. Unemployment Compensation*

---

[2] The term "deliberate" is defined as a "presumed or real awareness of the implications or consequences of one's actions . . . or by fully conscious often willful intent." Webster's Third New International Dictionary 596 (1966).

*Board of Review,* 56 Pa. Commonwealth Ct. 135, 424 A.2d 580 (1981) (Alcoholic claimant engaged in willful misconduct for reporting to work under influence of alcohol because record revealed ability to control drinking.); *Katz v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 1, 396 A.2d 480 (1979), *aff'd per curiam,* 487 Pa. 448, 409 A.2d 854 (1980) (Alcoholic claimant disqualified under Section 3 of the Law for alcoholism-induced absenteeism because record established ability to control drinking.).[3]

If new findings establish that claimant's alcoholism was so severe that he was incapable of abstaining from the drinking which resulted in the rule violation, his misconduct was neither deliberate nor willful, and he is not ineligible under Section 402(e) of the Law. Additional findings pertinent to claimant's ability to, and availability for, work during his unemployment are required if claimant is otherwise eligible. Section 401(d)(1) of the Law, 43 P.S. §801(d)(1).

---

[3] Other jurisdictions that require factfinders to determine whether alcoholic claimants had the ability to abstain from drinking which resulted in their misconduct include *Jacobs v. California Unemployment Insurance Appeals Board,* 25 Cal. App. 3d 1035, 102 Cal. Rptr. 364 (1972); *Huntoon v. Iowa Department of Job Services,* 275 N.W. 2d 445 (Iowa 1979); *Craighead v. Administrator Department of Employment Security,* 420 So. 2d 688 (La. Ct. App. 1982); and, *Moeller v. Minnesota Department of Transportation,* 281 N.W. 2d 879 (Minn. 1979).