The **CITY AND COUNTY OF DENVER,** Petitioner,

v.

The **INDUSTRIAL COMMISSION OF the STATE OF COLORADO and Pamela Kay Ortega,** Respondents.

**No. 85CA0182.**

Colorado Court of Appeals,
Div. I.

June 5, 1986.

Rehearing Denied June 26, 1986.
Certiorari Granted (City) Sept. 15, 1986.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3),

and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

Stephen H. Kaplan, City Atty., Geoffrey S. Wasson, Asst. City Atty., Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dani R. Newsum, Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

Law Firm of Leonard M. Chesler, Earl S. Wylder, Denver, for respondent Pamela K. Ortega.

TURSI, Judge.

The City and County of Denver (employer) seeks review of a final order of the Industrial Commission awarding Pamela Ortega (claimant) full unemployment compensation benefits. We affirm.

The claimant was terminated from her job as a recreation leader when she came to work intoxicated. The evidence established that she could not satisfactorily perform her job duties after drinking. The evidence further established that she had received warnings after similar incidents that another occurrence would result in her dismissal. Even then, the claimant continued regularly to drink alcoholic beverages and started but failed to complete two Antabuse programs. On the day before the incident leading to her discharge, claimant ingested Antabuse and alcohol even though she had

been informed that this could have life-threatening consequences.

In support of its burden to establish that claimant was disqualified for benefits, *City of Arvada v. Industrial Commission*, 701 P.2d 623 (Colo.App.1985), employer called claimant's immediate supervisor, who testified that claimant's drinking was beyond her control. A medical doctor called by employer testified that claimant suffered from the illness of alcoholism and depression.

Claimant then testified she was an alcoholic. She also called a doctor in psychology with a specialty in substance abuse. He testified that claimant was an alcoholic of long standing. He testified further that alcoholism is a mental disease or defect.

From this testimony, the Commission found that the claimant was suffering from the disease of alcoholism and, as a result, was unable to refrain from ingesting alcohol. Furthermore, the Commission found that this disease resulted in her being unable to perform her job duties satisfactorily. The Commission concluded the claimant was not at fault for her termination and awarded her full unemployment compensation benefits on the basis that her termination fell within the ambit of § 8–73–108(4)(j), C.R.S. (1985 Cum.Supp.) (mental or physical inability to perform the work).

█ The employer first contends that there was insufficient evidence to support the findings of the Commission that the claimant was entitled to full unemployment benefits. However, both the Commission and this court are bound by the record presented for review. Because legitimate inferences drawn from the evidence in the record can reasonably support the findings and conclusions of the Commission, we do not agree with the employer.

█ An individual is entitled to a full award of benefits if unemployed through no fault of his own. Section 8–73–108(1)(a), C.R.S. (1985 Cum.Supp.); *see Zelingers v. Industrial Commission*, 679 P.2d 608 (Colo.App.1984). Pursuant to § 8–73–108(4)(j), the Commission may award full

benefits if it determines that a claimant was terminated for being physically or mentally unable to perform her work. *See Mountain States Telephone & Telegraph Co. v. Industrial Commission*, 637 P.2d 401 (Colo.App.1981); *Tague v. Coors Porcelain Corp.*, 30 Colo.App. 158, 490 P.2d 96 (1971).

Here, there was evidence to support the Commission's findings that, as a result of claimant's alcoholism, she was unable to perform her job duties satisfactorily. Furthermore, there was evidence to support the Commission's factual finding that the claimant lacked the volition to stop drinking and to conclude therefrom that she was not at fault for her termination. Since there was substantial evidence to support these determinations, they will not be disturbed on review. *See Sims v. Industrial Commission*, 627 P.2d 1107 (Colo.1981); *see also City of Arvada v. Industrial Commission, supra.*

The employer also contends the Commission erred in not awarding reduced benefits under § 8–73–108(5)(e)(VIII), C.R.S. (1985 Cum.Supp.) (off-the-job use of unprescribed intoxicating beverages which interferes with job performance).

█ When two sections of the Colorado Employment Security Act are applicable, the Commission has wide latitude in determining which section it will apply. *See Mohawk Data Sciences Corp. v. Industrial Commission*, 660 P.2d 922 (Colo.App. 1983).

█ Here, there was evidence to support the application of § 8–73–108(5)(e)(VIII). However, there was also evidence to support the application of § 8–73–108(4)(j). Since each subparagraph of § 8–73–108(4) is an independent criterion for determining benefits, and the Commission's decision to apply § 8–73–108(4)(j) was supported by substantial evidence, that decision will not be disturbed on review. *See Sims v. Industrial Commission, supra.*

Order affirmed.

BERMAN, J., concurs.

PIERCE, J., dissents.

PIERCE, Judge, dissenting.

I dissent.

The critical question raised here, which the majority has avoided, is what degree of legal responsibility should be imposed upon persons who are alcoholics, and under what circumstances, if any, should alcoholics receive unemployment benefits. Many jurisdictions have considered this question. *See Craighead v. Administrator*, 420 So. 2d 688 (La.App. 1982); *Durst Buster Brown v. Commonwealth of Pennsylvania*, 56 Pa.C. 135, 424 A.2d 580 (1981); *Huntoon v. Iowa Department of Job Services*, 275 N.W.2d 445 (Iowa 1979); *Mooney v. Commonwealth of Pennsylvania*, 39 Pa.C. 404, 395 A.2d 675 (1978); *Jacobs v. California Unemployment Insurance Appeals Board*, 102 Cal.Rptr. 364, 25 Cal.App.3d 1035 (Cal.App.1972).

The policy of our General Assembly is to provide a full award of benefits to individuals unemployed through no fault of their own. Section 8–73–108(1)(a), C.R.S. (1985 Cum.Supp.). The term "fault" is construed as requiring a volitional act. *Zelingers v. Industrial Commission*, 679 P.2d 608 (Colo.App. 1984). The issue here, therefore, is under what circumstances is fault for separation from employment properly attributable to a claimant who is an alcoholic?

As the evidence in this case establishes, alcoholism is generally regarded as a disease. Indeed, there appears widespread agreement in the medical profession that it should attempt to treat those who have drinking problems. *Powell v. Texas*, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968). However, there appears to be no agreement on the nature of this "disease." *See Mooney v. Commonwealth, supra.*

Affliction by disease, in and of itself, whether it be alcoholism or a different kind of illness, does not mandate unemployment benefits. Rather, the statute requires that a determination of fault regarding separation from employment be made. *See*

§ 8–73–108(1)(a), C.R.S. (1985 Cum.Supp.); *Kortz v. Industrial Commission*, 38 Colo. App. 411, 557 P.2d 842 (1976). The sole fact that a person suffers from a disease does not necessarily mean that the claimant has no control over the progress of the disease. *Mooney v. Commonwealth, supra.* One can, for example, seek appropriate help and treatment and avoid activities known to aggravate the problem. *Mooney v. Commonwealth, supra.*

In this regard, medical authorities have established that some alcoholics can control their drinking. *See Mooney v. Commonwealth, supra.* Conduct induced by alcoholism may or may not be voluntary in the law, depending upon the degree of impairment caused by the alcoholism. The degree of impairment must be determined under the facts of each case. *Huntoon v. Iowa, supra.* Like the question of fault, the questions of volition and degree of impairment are factual determinations. *See Sims v. Industrial Commission*, 627 P.2d 1107 (Colo.1981).

Therefore, whether claimant suffered from alcoholism to such a degree as to make the drinking which led to her termination involuntary is an essential determination regarding the question of fault. It is undisputed that claimant's drinking adversely affected her work. Thus, the inquiry must be whether claimant had the capacity to abstain from drinking so as to comply with the employer's prohibition against being intoxicated at work. *See Jacobs v. California, supra; Warner v. Schweiker*, 551 F.Supp. 789 (E.D.Mo.1982).

If her intoxication on the job was a product of an irresistible compulsion to drink, her behavior was not the result of a volitional act. *See Jacobs, supra.* Absent volitional conduct, claimant's termination from employment could not be her own fault. Conversely, if claimant could control her disease, either by undergoing therapy, by taking Antabuse on a regular basis, by her own will power, or by some other method, then her termination from employment could be attributed to her fault.

The evidence here does not support the conclusion that claimant lacked control over her urge to drink to excess. Her testimony indicated that she was adhering to the Antabuse program, that she had abstained from drinking for approximately three weeks until the day before her termination. In fact, this was the second Antabuse program that she had started. Thus, it cannot be inferred that claimant didn't know of the effects of excessive use of alcohol, nor of the purposes of Antabuse. In fact she had signed a stipulation and agreement with her employer in which she agreed to enroll in the monitored Anatabuse Program at Denver General Hospital as a condition of her continued employment. That fact and her own testimony indicated, at the very least, that she recognized that she had a problem. The record reflects that, upon beginning the Antabuse program, alcoholics are told that Antabuse is intended to assure sobriety in order to enable the person to continue working, and that uncomfortable side effects are caused when alcohol is ingested. The inherent nature of Antabuse brings home the realization that only complete abstention from alcohol can control alcoholism. Despite this information, claimant nevertheless "decided" to again begin drinking. She should now bear the responsibility for that decision.

It appears that the Commission based its conclusion that claimant was suffering from an illness over which she had no control solely (1) on the testimony of claimant's superior that claimant once said she was probably suffering from a problem which was beyond her own control; and (2) on inferences drawn from the fact that alcoholism is a disease. The status of such evidence is not sufficient to support the conclusion that claimant could not control her behavior, although with some effort. It must be determined by competent evidence that claimant in fact suffered from alcoholism to such a degree as to make drinking involuntary, for all practical purposes.

In regard to the claims for workmen's compensation benefits, proof of a causal connection between an injury and employment need not be established by expert medical testimony. *In re Death of Talbert*, 694 P.2d 864 (Colo.App.1984). However, in the circumstances presented here, where alcoholism in and of itself, though characterized as a disease, would not necessarily preclude volition as contemplated by the unemployment act, and where uncertainties concerning the disease itself exist even among experts in the field, a lay opinion alone will not suffice to show a lack of volition because of alcoholism.

Generally, lay witnesses may testify in the form of opinions or inferences when those opinions and inferences are rationally based on the perception of the witness and are helpful to a clear understanding of his or her testimony or the determination of a fact at issue. *See* CRE 701. Although the rules of evidence generally are not controlling in administrative hearings, here helpful analogies can be drawn and applied. Even the physicians in this case testified that alcoholism is a complex illness with various causes, exacerbations, reactions, and effects. Thus, questions regarding impairment due to alcoholism go beyond the realm of common experience.

Accordingly, I conclude that the circumstances surrounding alcoholism require opinion testimony based on special knowledge, skill, experience, training, or education. *See* CRE 702. While what the claimant herself or others around her think regarding her ability to control her drinking is admissible testimony, it only aids in establishing whether claimant had an irresistible compulsion to drink and whether that compulsion destroyed her volition. The decisive question is whether, physically or psychologically, claimant was able to control her alcoholism. *See Adams v. Weinberger*, 548 F.2d 239 (8th Cir.1977).

Because determinations of control and degree of impairment are so important in a case such as this one, I cannot draw the inference from lay testimony alone that, because claimant suffers from the disease of alcoholism, she could not control her

urge to drink to excess. *See Mooney v. Commonwealth, supra.* Consequently, inasmuch as the record does not contain expert testimony on this issue, the evidence is insufficient to establish whether claimant's impairment resulting from her alcoholism is of a sufficient degree to deprive her of her ability to abstain from the use of alcohol. *See Craighead v. Administrator, supra.* Hence, based on this record, the Commission erred in concluding that claimant lacked the control to terminate her employment on her own volition. I would therefore reverse the Commission's order.

At the very least, because this is a matter of first impression in this state, and because neither the Industrial Commission nor the claimant could have been aware of the evidentiary necessities we have alluded to in this opinion, I would remand for further consideration of the issues which were not addressed at the original hearing, including the critical question of whether claimant's impairment, if any, resulted from her alcoholism to a degree sufficient, at the time of her termination, to deprive her of her ability to abstain from alcohol.