550 A.2d 872

Paulette Hiltebeitel, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 18, 1988, to Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Louis M. Shucker,* for petitioner.

*Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, November 30, 1988:

Before us is an appeal by Paulette Hiltebeitel (Claimant), from an order of the Unemployment Compensation Board of Review (Board) denying Claimant benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[1]

The Board, through a referee acting as its hearing examiner, found that Claimant was employed by Dr. Alexander T. Massengale (Employer) as a medical secretary from October 1985 until April 23, 1986. Claimant was discharged by Employer because of her unsatisfactory work performance during the last three months of her employment. Claimant had been counseled by the office manager in December 1985 for her problems in the office and she responded with dramatic improvement. Thereafter, however, the quality and quantity of Claimant's work again deteriorated.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant's job-related duties and responsibilities did not change over the period of time that she was working. Employer did attempt to resolve Claimant's problem by reducing her workload. The situation did not improve, and Claimant gave no reason to Employer for her deteriorating performance. The Board found that Claimant was capable of performing her work in a satisfactory manner. Claimant subsequently attributed her poor performance to an ongoing drug and alcohol problem. On April 28, 1986, Claimant entered a local rehabilitation center in order to overcome her addiction.

Claimant filed for benefits with the Office of Employment Security (OES) which determined she was eligible to receive such benefits. Employer appealed that decision to the referee and a hearing was held. The referee issued a decision denying benefits to Claimant on the basis of Section 402(e) of the Law, willful misconduct.

Claimant filed an appeal to the Board. The Board, however, informed Claimant that her appeal was untimely but informed her also that she could request a hearing to address the issue of timeliness. Claimant did in fact submit such a request, and the Board then issued an order remanding the matter to the referee to take testimony solely on the issue of timeliness. On April 8, 1987, the Board ruled the appeal timely filed but issued an order affirming the referee and denying Claimant benefits pursuant to Section 402(e) of the Law. This appeal followed.

In this appeal, Claimant alleges that the Board has established a blanket policy automatically disqualifying all claimants who have drug and/or alcohol addictions from receiving compensation. Claimant bases this entire argument on four Commonwealth Court opinions where benefits were denied to the claimants.

In two of the cases cited by Claimant, *Mooney v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 404, 395 A.2d 675 (1978), *aff'd per curiam*, 487 Pa. 448, 409 A.2d 854 (1980), and *Katz v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 1, 396 A.2d 480 (1979), *aff'd per curiam*, 478 Pa. 448, 409 A.2d 854 (1980), this Court rejected the claimants' allegations that they were denied benefits simply because they were alcoholics, stating that the respective Boards made no such conclusion. In *Durst Buster Brown v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 135, 424 A.2d 580 (1981), the claimant failed to prove, as did Claimant here, that his drinking was uncontrollable. Finally, in *Morrell v. Unemployment Compensation Board of Review*, 108 Pa. Commonwealth Ct. 499, 485 A.2d 1214 (1984), this Court does speak in terms of a stricter standard of accountability. The Board in the instant case, however, did *not* apply such a strict standard. Instead, the facts as found, and supported by the testimony, indicate that Claimant was capable of performing her job properly and *do not indicate* that Claimant was generally unable to control her drinking while she was working for Employer. Moreover, in all four cases cited by Claimant, as in this case, the behavior for which the claimants were dismissed was work-related; the claimants showed up late for work, did not show up for work at all, or were unable to perform their duties.

Claimant next argues that the Board's policy of *automatically* excluding drug and alcohol addicts from receipt of benefits violates Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794.[2] However, based upon our prior determination that the Board has no such

---

[2] Contrary to the Board's contention we do not believe that this issue was waived.

rule or policy, we need not reach the merits of this argument, nor do we need to decide whether *Morrell* violates this federal law.[3]

For the reasons set forth above, this Court affirms the order of the Unemployment Compensation Board of Review.

### ORDER

Now, November 30, 1988, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

Judge MacPhail did not participate in the decision in this case.

---

[3] A similar issue has been determined by the United States Supreme Court in *Traynor v. Turnage,* U.S. , 108 S.Ct. 1372 (1988).