602 A.2d 420

**Richard L. JAMISON, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 20, 1991.

Decided Jan. 10, 1992.

James A. Gratton, for petitioner.

James K. Bradley, Asst. Counsel, with him, Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before DOYLE and SMITH, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

Richard L. Jamison (claimant) appeals an order of the Unemployment Compensation Board of Review (Board) affirming the decision of the referee that claimant is ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Law).[1] We affirm.

The referee made the following relevant findings of fact: 3. On or about March 6, 1991, the employer received notice from an individual on claimant's behalf that the claimant would be unable to report for work for an

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e), which provides in pertinent part that "[a]n employe shall be ineligible for compensation for any week ... [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work...."

indefinite duration because he was going into the hospital for alcohol counselling.

4. Claimant was in St. Joseph's Hospital, Detox Program, from March 11 through March 14, 1991, and thereafter has participated in an out-patient program three nights a week.

5. Claimant previously received rehabilitation for his drinking problem about nine years ago and had curtailed his alcohol abuse until just recently.

6. Claimant was replaced by the employer because of his inability to report to work as scheduled.

Referee's Decision of April 29, 1991, Official Record Item No. 9.

The referee concluded that the employer met its burden of proving willful misconduct, because the claimant's alcohol-related problem did not constitute good cause for his inability to report for work as scheduled. The referee affirmed the decision of the Office of Employment Security disapproving the claimant's benefits. The Board adopted the referee's findings of fact and affirmed the referee's decision. The claimant's appeal to this Court followed.[2]

The claimant raises two issues on appeal: (1) whether the referee's findings of fact are supported by substantial evidence and (2) whether the actions of the claimant constituted willful misconduct.[3]

The employer is a temporary job placement service. It placed the claimant with its client, Construction Fasteners.

2. The employer bears the burden of establishing a claimant's ineligibility for compensation on the basis of willful misconduct. *Morrell v. Unemployment Compensation Bd. of Review*, 108 Pa.Commonwealth Ct. 499, 485 A.2d 1214 (1984). Where the party with the burden of proof prevails below, this Court's scope of review is limited to a determination of whether the Board's findings of fact are supported by substantial evidence or whether an error of law has been committed. *Id.*

3. Whether the claimant's conduct, as depicted in the referee's findings of fact, rises to the level of willful misconduct is a question of law. *Durst Buster Brown v. Unemployment Compensation Bd. of Review*, 56 Pa.Commonwealth Ct. 135, 424 A.2d 580 (1981).

The claimant filled this position until giving the employer notice that he would be unable to report to work for an indefinite period of time because he was going into the hospital for alcohol counselling. The employer, at the request of its client for an immediate replacement, filled the position. The referee specifically found that the claimant was replaced because of his inability to report to work as scheduled. The referee's finding is supported by substantial evidence and will not be disturbed on appeal.

█ The claimant also asserts that the referee made an error of law in determining that his conduct constituted willful misconduct. Willful misconduct has been defined by this Court to include a willful disregard of the standards of behavior which the employer has a right to expect of an employee. *Frumento v. Unemployment Compensation Bd. of Review*, 466 Pa. 81, 351 A.2d 631 (1976). In determining whether an employee has engaged in willful misconduct, the court must consider what standard of conduct a particular employer reasonably requires and expects. *Woodson v. Unemployment Compensation Bd. of Review*, 461 Pa. 439, 336 A.2d 867 (1975). The court must also consider the reason the employee offers for his conduct and evaluate its reasonableness in light of all the circumstances. *Frumento*, 466 Pa. at 87, 351 A.2d at 634. Where the employee's conduct is justifiable or reasonable, the employee has established just cause and the conduct cannot be considered willful misconduct. *Id.*

█ The claimant argues that the referee erred as a matter of law in determining that claimant's alcoholism is a voluntary condition which did not establish good cause for the claimant's absence. The referee did not reach this conclusion. He simply reasoned that the claimant's alcohol-related problem, his failure to regulate his drinking, did not establish good cause for his failure to report for work as scheduled. *Compare Katz v. Unemployment Compensation Bd. of Review*, 40 Pa.Commonwealth Ct. 1, 396 A.2d 480 (1979) (this Court rejected a similar argument made

under Section 3 of the Act, 43 P.S. § 782), *aff'd*, 487 Pa. 448, 409 A.2d 854 (1980).

Alcoholism "provides no excuse for the consequences of the alcoholic's actions." *Morrell* 108 Pa.Commonwealth Ct. at 501, 485 A.2d at 1216. In *Mooney v. Unemployment Compensation Board of Review*, 39 Pa.Commonwealth Ct. 404, 395 A.2d 675 (1978)[4], this Court rejected a claimant's argument that he could not control his urge to drink to excess because he suffered from the disease of alcoholism. The employer discharged the claimant when he drank himself into an alcoholic stupor and was unable to report for work. The claimant had been treated in the past for chronic alcoholism. The Board found that the claimant knew that abstention was "the only true cure," and denied benefits. We affirmed, reasoning that where no evidence is presented establishing that "an alcoholic cannot control his own drinking, albeit with some help and effort, ... we cannot conclude that claimant was in no way responsible for his failure to report for work and his resulting discharge." *Id.* 39 Pa.Commonwealth Ct. at 408, 395 A.2d at 677.

The record here shows that the claimant was aware of his alcohol-related problem. He had sought treatment for the condition nine years earlier. Moreover, the record provides no competent basis for concluding that the claimant could not control his behavior. The claimant failed to establish good cause for his inability to report for work as scheduled. Therefore, the Board properly determined that the claimant was guilty of willful misconduct.

The claimant argues, in the alternative, that the mere fact that he was hospitalized is sufficient to establish good cause for the failure to report for work. However, good cause is established upon evaluation of all the circumstances. *Fru-*

---

**4.** Although it involves a voluntary quit claim under Section 3 of the Act, 43 P.S. § 752, *Mooney* provides guidance as Section 3 may be used as an interpretive aid in reviewing Section 402 claims. *See Kawa v. Unemployment Compensation Bd. of Review*, 132 Pa.Commonwealth Ct. 446, 573 A.2d 252 (1990) (applying Section 3 to Section 402(b) claim).

*mento.* The claimant's conduct, which necessitated his hospitalization, cannot be ignored.

Accordingly, we affirm the order of the Board.

SMITH, J., concurs in the result only.

## ORDER

AND NOW, THIS 10th day of January, 1992, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.