Linda **LINDSAY**, Petitioner,

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,** Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 29, 2001.

Decided Dec. 12, 2001.

Michael D. Simon and John Stember, Pittsburgh, for petitioner.

Edward E. McGinley, Jr. and Edward R. Ehrhardt, Jr., Pittsburgh, for intervenor, UPMC Health System.

Before PELLEGRINI, J., FRIEDMAN, J., and FLAHERTY, Senior Judge.

FLAHERTY, Senior Judge.

Linda Lindsay (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) which denied her benefits pursuant to Section 402(e) of the Pennsylvania Unemployment Compensation Law (Law).[1] We affirm.

Claimant began working for UPMC Health System (Employer) in February of 1992. On August 2, 1999, Employer discharged Claimant by letter for violation of Employer's policy number 5776, fitness for duty, and policy number 5820, reporting unfit to work, because Claimant allegedly reported to work smelling of alcohol and under the influence of drugs and/or alcohol. (R.R. at 5a). Claimant filed a claim for unemployment compensation benefits and, on September 17, 1999, the job center issued a Notice of Determination denying her benefits pursuant to Section 402(e) of the Law. (R.R. at 16a). Claimant appealed, and a hearing was held before an Unemployment Compensation Referee (Referee).

Employer presented the testimony of Diane Brown, who is a supervisor in Employer's Patient Transportation department where Claimant worked as an elevator operator servicing four floors. She testified that, when Claimant arrived for work at approximately 9:00 AM on July 26, 1999, she "smelled a strong aroma of alcohol" on Claimant and noticed that her "eyes were very red and glassy". (N.T. 10/19/99, p. 4). Based on her observations, Ms. Brown determined that Claimant was not fit for duty that day. When Ms. Brown questioned Claimant about her condition, she replied that she had been drinking the night before and had not gotten much sleep. (N.T. 10/19/99, p. 7).

Employer also presented the testimony of Janet Wise, who is a dispatcher in Employer's transportation department. Ms. Wise was asked by Ms. Brown to verify whether Claimant smelled of alcohol. Ms. Wise testified that, when Claimant came into her office, she "smelled an aroma of alcohol." Ms. Wise also confirmed that Claimant stated she had been drinking the night before. Ms. Wise also determined that Claimant was unfit for duty that day.

Employer next presented the testimony of Ron Abels, who is a Human Resources Specialist for Employer. He testified that all Employees are informed of Employer's policies on a drug-free workplace and fitness for duty.

Employer also submitted its policies into evidence. Employer's policy Number 5820 provides, in pertinent part, that:

Depending on circumstances, the following incidents are usually considered "just cause" for discharge....:

* reporting unfit to work....

* using, possessing, or being under the influence of drugs or intoxicants on UPMC premises or when on duty.

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) provides in pertinent part:

An employee shall be ineligible for compensation for any week—

(e) in which her unemployment is due to discharge or temporary suspension from work for willful misconduct connected with her work.....

(R.R. at 12a). In addition, policy Number 5776, entitled the "Fitness for Duty Policy" provides, in pertinent part, that:

It is the policy of the University of Pittsburgh Medical Center (UPMC) to strive to provide an environment that is as safe and risk free as reasonably possible for staff. .... Behavior of staff members .... must support the degree of confidence required. .... Staff members have the responsibility to report to work in a fit condition, to perform their jobs without undue risk to themselves or others and to maintain a fitness for duty throughout all hours of work. When a staff member exhibits work performance or behavior that appears to be inappropriate, the provisions of this policy will apply.

Lack of fitness for duty is the observation by a supervisor of a staff member's physical symptoms or behaviors that indicates:

1. that the individual is, or may be, unable to perform his or her duties or responsibilities and/or to provide patient care safely and effectively; or

2. inappropriate behavior that may diminish coworkers' or patients' confidence in the individual's ability to perform his or her job satisfactorily; or

3. *uncharacteristic behavior generally associated with intoxication, such as odor, dilated pupils, staggering, boisterous speech, drowsiness, etc.*

(R.R. 80a) (emphasis added). The policy also indicates that when there is a suspicion that an employee is not fit for duty, the supervisor should have a drug and alcohol test performed and the employee should be sent home. Based on the report of the test results, Employer would then make a decision regarding the status of the employee's job. If the test results are negative and the employee determined fit for duty, the employee may be reinstated. Claimant was or should have been aware of these policies.

At the hearing, Claimant also testified on her own behalf. She stated that, the day before she was fired, she had been drinking until 2:00 AM and went to bed around 5:00 AM. Claimant testified that it was the anniversary of her mother's death and that she had been crying a lot, which caused her eyes to be red and puffy. Also, with regard to her red and puffy eyes, Claimant stated that "they're always like that." (N.T. 11/19/99, p. 32). Claimant also testified that she was not aware that she smelled of alcohol when she arrived for work.

After considering the evidence, the Referee reversed the job center and granted Claimant benefits pursuant to Section 402(e) of the Law, and Employer appealed to the Board. Based on the result of a drug test showing that Claimant was under the influence of both alcohol and marijuana, the Board then reversed the decision of the Referee and denied Claimant benefits. Claimant's petition for review to this Court followed. On appeal, this Court determined that, pursuant to *Walker v. Unemployment Compensation Board of Review*, 27 Pa.Cmwlth. 522, 367 A.2d 366 (1976), the results of the drug/alcohol test performed on Claimant were hearsay and not admissible as evidence of Claimant's intoxication because Employer did not present the testimony of the person who administered the test or interpreted the test results.[2] However, this Court also

---

**2.** As noted in our previous opinion, the party wishing to present such evidence must comply with the Uniform Business Records as Evidence Act, which provides that:

cited the case of *Klink v. Unemployment Compensation Board of Review*, 5 Pa. Cmwlth. 62, 289 A.2d 494 (1972), in which this Court previously held that an employee who arrives for work bearing a strong smell of alcohol can be found to have committed "willful misconduct" and therefore can be precluded from receiving unemployment compensation benefits. Accordingly, although the Board improperly relied on the drug/alcohol test to support its finding that Claimant committed willful misconduct, Claimant could still be denied benefits if the remaining evidence supported a finding that Claimant violated Employer's policies. Therefore, the order of the Board was vacated and this case was remanded to the Board for a determination as to whether, based on the remaining evidence, there was sufficient proof that Claimant violated Employer's policies and thus should be denied benefits pursuant to Section 402(e) of the Law.[3]

 On remand, the Board determined that there was sufficient evidence to support a finding that Claimant was unfit for duty and in clear violation of Employer's policies and, therefore, committed willful misconduct. In making this determination, the Board stated that it resolved the conflicting testimony "in favor of employer's witnesses, who provided consistent statements" and found that "absent the drug test, the employer has nonetheless demonstrated a prim [sic] facie case of willful misconduct on the part of the claimant in the form of rule violations." (R.R. at 137a). Accordingly, the Board again denied Claimant benefits. This appeal followed.[4]

Claimant argues that the order of the Board should be reversed because: 1) the decision of the Board is not supported by substantial evidence, 2) she was not impaired or intoxicated and was unaware that she smelled of alcohol and 3) in order for a finding of "willful misconduct" to be supported by the evidence, Employer must produce competent evidence that Claimant tested positive for drugs and/or alcohol.

 Initially, we note that an employer has the burden of proving that an employee has engaged in willful misconduct. In the case of a work rule violation, the employer must establish the existence of the rule, the reasonableness of the rule and its violation. *Williams v. Unemployment Compensation Board of Review*, 141 Pa.Cmwlth. 667, 596 A.2d 1191 (1991). Furthermore, whether or not an employee's actions rise to the level of "willful

General Rule.—A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.

42 Pa.C.S. § 6108.

3. *See Lindsay v. Unemployment Compensation Board of Review* (Pa.Cmwlth. No. 465 CD 2000, filed February 9, 2001).

4. Our scope of review in unemployment compensation cases is limited to determining whether constitutional rights were violated, whether errors of law were committed or whether findings of fact are supported by substantial evidence. *Sheets v. Unemployment Compensation Board of Review*, 708 A.2d 884 (Pa.Cmwlth.1998). "In unemployment compensation proceedings, the Board is the ultimate factfinder and is empowered to resolve conflicts in the evidence and to determine the credibility of witnesses. Findings made by the Board are conclusive and binding on appeal if the record, when examined as a whole, contains substantial evidence to support those findings." *Kelly v. Unemployment Compensation Board of Review*, 776 A.2d 331, 336 (Pa.Cmwlth.2001).

misconduct" is a question of law that is fully reviewable by this Court. *Burger v. Unemployment Compensation Board of Review,* 780 A.2d 731, 732 (Pa.Cmwlth. 2001).

■ First, Claimant contends that her lack of knowledge that she smelled of alcohol, in addition to the lack of admissible evidence that she tested positive for drug or alcohol use, preclude any finding that she willfully violated Employer's policies. We reject this argument. In addition to the *Klink* case cited above, the case of *Morrell v. Unemployment Compensation Board of Review,* 108 Pa.Cmwlth. 499, 485 A.2d 1214 (1984) is instructive on this issue. In *Morrell,* this Court held that:

> Even assuming that claimant may have been unaware of his alcoholic condition, he was not unaware of his conscious choice to drink prior to reporting for work, and the prior warnings with respect to his reporting to work in an unfit condition indicate that he should have been aware of his potential for alcohol abuse. We therefore find that the Board acted properly in determining that Claimant had been guilty of willful misconduct.

*Id.* at 1216. Furthermore, in *Durst Buster Brown v. Unemployment Compensation Board of Review,* 56 Pa.Cmwlth. 135, 424 A.2d 580 (1981), this Court relied on our decision in *Klink* when we held that an employee can commit willful misconduct by arriving at work smelling of alcohol even if that employee does not drink at work and is able to perform all required duties. Similarly, in the case *sub judice,* Claimant cannot successfully argue that because she did not realize she smelled of alcohol that she cannot be held responsible for that smell when her choice to drink alcohol until 2:00 AM before coming to work was deliberate and entirely willful.

In summary, when there is an employer policy setting forth a lack of fitness for duty and a supervisor observes physical symptoms like bloodshot or glassy eyes and a strong aroma of alcohol that indicate the employee may be unable to perform required duties or provide patient care safely, the employee must pass the smell test. The burden is on the employee who drinks alcohol off duty to do so in a manner that eliminates its smell before reporting for duty, especially when that employee's duties are to operate an elevator transporting patients whose well being will be entrusted to that employee and whose confidence in the employee's ability to perform the job could be adversely affected by such smells. The olfactory evidence that Claimant imbibed intoxicating liquor before arriving for work, let alone Claimant's admissions to the same, is enough to support a finding of willful misconduct under Section 402(e) of the Law. There is no requirement that the claimant must have been aware of the smell; the fact that the supervisors and others at the employer's place of business were aware of the smell is sufficient.

■ As to Claimant's argument that the Board's decision is not supported by substantial evidence, we also reject this argument. Employer's policies clearly set forth that an employee can be dismissed for "reporting unfit to work" and that lack of fitness for duty "is the observation by a supervisor of a staff member's physical symptoms or behaviors that indicates . . . . uncharacteristic behavior generally associated with intoxication, such as odor, dilated pupils, boisterous speech, drowsiness, etc." In addition to the olfactory evidence that Claimant smelled of alcohol, her eyes were red or glassy and puffy, all of which are generally associated with intoxication. The testimony of Employer's witnesses was accepted by the Board and, thus, the

testimony of Claimant was rejected. Based on well-established precedent, we may not overturn these credibility determinations. There was, therefore, substantial evidence that Claimant reported to work unfit for duty and thus committed willful misconduct thereby precluding her from receiving unemployment compensation benefits.

Accordingly, the order the Board is affirmed.

### ORDER

AND NOW, December 12, 2001, the order of the Unemployment Compensation Board of Review docketed at B–99–06–Q–0711 and dated April 16, 2001 is hereby AFFIRMED.